*500
 
 PER CURIAM.
 
 *
 

 | finding the lower courts erred in ordering the State to produce the victims’ and witnesses’ audiotape statements, the names of its witnesses, and the witnesses for a hearing on the motion to suppress identification, we grant this writ to reverse the judgments of the lower courts.
 

 Defendant, Christopher Weathersby, is charged by bill of indictment with one count of second-degree murder and three counts of attempted second-degree murder arising from a shooting that occurred on March 1, 2009. During the investigation of the shooting, New Orleans Police Department officers elicited tape-recorded statements from the three surviving victims and four witnesses on the scene. The officers also conducted photographic lineups. Defendant filed a motion to suppress the identifications made incident to these lineups.
 

 Prior to the commencement of the hearing on the motion, the State provided defendant with a redacted police report, a redacted supplement police report, and redacted transcripts of the seven audiotape statements. At the outset of the hearing, defendant objected to the redacted discovery provided by the State, specifically the redaction of the statements and names of witnesses from the police report. Defendant also sought to subpoena the witnesses, who made the identification of defendant.
 

 |2The district court sustained defendant’s objection, ordering the State produce the non-redacted audiotape statements of the victims and witnesses and the names of its witnesses, and allowing defendant to subpoena witnesses for the motion hearing. The Court of Appeal denied writs, finding no abuse of discretion.
 

 Firstly, except as specifically provided by law, a defendant in Louisiana is not entitled to statements by witnesses made to the district attorney or to agents of the State. La.Code Crim. Proc. art. 723. However, the defendant may not be denied exculpatory statements made by a witness other than the defendant, provided the statement is material and relevant to the issue of guilt or punishment. La.Code Crim Proc. art. 718. A district coui't may determine whether such statements are subject to discovery under the provisions
 
 *501
 
 of Article 718 through an in camera inspection. La.Code Crim. Proc. arts. 718 & 723.
 

 In the present case, the district court ordered the production of the statements because it believed the tapes fell within the purview of Article 718 because “[t]he identification of the defendant is the crux of the defense” and “[n]ot providing the testimony of the witnesses who were present at the shooting would cripple defense counsel’s ability to defend its client” and because it believed the tapes were material evidence and discoverable under
 
 Brady v. Maryland,
 
 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We find the district court abused its discretion in ordering the production of the audiotape statements without first conducting an in camera review to ensure these tapes were material and relevant and, therefore, subject to discovery under Articles 718 and 723 and
 
 Brady.
 

 Secondly, “[t]he prosecutor’s witness list generally is not discoverable in the absence of extraordinary circumstances.”
 
 State v. Jackson,
 
 608 So.2d 949, 957 (La.1992). Only when there is a “determination that there exist peculiar and distinctive ^reasons why fundamental fairness dictates discovery” is such material discoverable.
 
 State v. Washington,
 
 411 So.2d 451, 451 (La.1982).
 

 In the present case, the district court believed defendant made a showing of particular and distinctive circumstances that warranted the disclosure of the witnesses’ names “as the police report was redacted to the point of mutilation and no useful information could be discerned. All material information such as the location of the crime scene, the officers’ names, the witnesses’ names, and the locations of the crime scene photographs have been redacted from the report.” Because the district court believed there was no other way for defendant to obtain the witnesses’ names, the district court ordered the State to provide them. We find, however, nothing in this record that would support the district court’s conclusion.
 

 Simply stating “this is a murder case” and defendant should “have the benefit of eyewitnesses who can articulate who were the aggressors” does not constitute a peculiar distinctive reason why fundamental fairness dictates discovery of the names of these witnesses. This is especially so given the State’s and this Court’s concern for the witnesses’ safety. Therefore, we find the district court abused its discretion in ordering the production of the names of the State’s witnesses.
 

 Finally, a defendant’s constitutionally guaranteed right to confront witnesses and to have compulsory process for obtaining them is only secured at trial and not during a pre-trial hearing.
 
 State v. Harris,
 
 08-2117 (La.12/19/08), 998 So.2d 55. Moreover, to suppress an identification, a defendant must prove the identification procedure was suggestive and there was a substantial likelihood of misidentifi-cation as a result of the identification procedure.
 
 State v. Brown,
 
 03-0897, pp. 18-19 (La.4/12/05), 907 So.2d 1, 16.
 

 In ordering the production of witnesses, the district court found:
 

 |4Ultimately, the function of a motion to suppress is to avoid delays during trial, to prevent jury contamination by excluding evidence which they cannot hear, and to save the state the expense of an unnecessary trial. That is what the Court seeks to do by allowing defense counsel to subpoena the witnesses involved in the identification procedure for the hearing on the motion to suppress. It has been asserted that the state has in excess of 18 photographic line ups which will be presented to the jury during trial. Not only is this highly
 
 *502
 
 unusual, but this also is very likely to cause confusion to the jury. The Court will need to rule on the admissibility of each line up individually and the procedure used during each line up. Although the state cannot be forced to call witnesses in a preliminary hearing, they may not prevent them from speaking with defense counsel.
 
 State v. Hammler,
 
 312 So.2d 306 (La.1975). The Court believes that in this case the only way the Court may come to any reasonable verdict on the motion to suppress identification, would be to hear from the witnesses who were provided with in excess of 18 photographic line ups.
 

 Given defendant’s right to confrontation is not implicated here and defendant’s failure to establish there was a substantial likelihood of misidentification as a result of the identification procedure used, we find the district court abused its discretion in ordering the production of witnesses at the pre-trial suppression hearing when their testimony is not necessary for a judicial determination of the motion.
 

 Accordingly, the judgments of the lower courts are reversed, vacated, and set aside, and this case is remanded to the district court for further proceedings.
 

 REVERSED and REMANDED.
 

 *
 

 Kimball, C.J., did not participate in the deliberation of this opinion.