NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-1160

STATE OF LOUISIANA

VERSUS

ELDRIDGE TEZANO, JR.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 10K1066B
HONORABLE ELLIS J. DAIGLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Jimmie C. Peters, and Marc T. Amy, Judges.

CONVICTIONS AFFIRMED, SENTENCES VACATED,
AND REMANDED FOR RESENTENCING.

Earl B. Taylor
Twenty Seventh Judicial District Court District Attorney
Jennifer Ardoin
Assistant District Attorney
P. O. Drawer 1968
Opelousas, LA 70571
(337) 948-0551
COUNSEL FOR APPELLEE:
    State of Louisiana

**R. Scott Iles**
**Attorney at Law**
**P. O. Box 3385**
**Lafayette, LA 70502**
**(337) 234-8800**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Eldridge Tezano, Jr.**

**SAUNDERS, Judge.**

On April 7, 2010, the St. Landry Parish District Attorney filed a bill of information charging Defendant, Eldridge Tezano, Jr., with automobile insurance fraud, a violation of La.R.S. 22:1925, and theft of funds greater than $1,000.00, a violation of La.R.S. 14:67.  On February 6, 2012, Defendant filed an Updated Motion for Production of Exculpatory Evidence; the trial court signed order language on the same date that ordered the State to produce such evidence.  The court signed identical order language on February 10.  On the latter date, the trial court also signed an order that the State "make a good faith effort" to obtain from insurance companies' depositions or statements from related civil litigation that were exculpatory in nature or prior inconsistent statements of potential State witnesses.

On February 24, 2012, Defendant submitted an Order for a Motion for Supplemental Discovery for Potential Exculpatory Evidence or "Brady Evidence" in open court, again focusing on depositions produced pursuant to related civil litigation.  The trial court denied the motion on the same date.  After the supplemental discovery motion was disposed of, the jury began to hear evidence.  It found Defendant guilty as charged on both counts on the same date.

On May 10, 2012, the court sentenced Defendant to four years at hard labor on each count with credit for time served, but suspended two (2) years and placed the defendant on four (4) years of active supervised probation under all of the conditions of Article 895 of the Louisiana Code of Criminal Procedure on each count.  The terms are concurrent.

Defendant now appeals his conviction, assigning two errors.

**FACTS:**

On June 26, 2008, Defendant and some other individuals staged a fake automobile accident in St. Landry Parish. As a result of that offense, he and several of the other individuals received payments from insurance companies. Payments to Defendant exceeded $1,000.00.

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find that an error patent concerning Defendant's sentences.

Defendant was sentenced to four years at hard labor for each offense, to run concurrently. Two years of each sentence was suspended, and Defendant was placed on supervised probation for a period of four years. The probationary periods were imposed to run concurrently, with the court ordering various conditions of probation. One condition of probation was that Defendant make restitution to the victims, "which are primarily the insurance companies." The court went on to state:

> [A]nd that total sum is $146,009.47, and that will be less any amounts that any of the co-defendants pay as pursuant to their sentencing, and that this amount will consist of the amount of proceeds that you received in the amount of $32,056.30, plus one-fourth of the administrative costs of $37,166[.00], less any subrogation reimbursement credits; do you understand that?
>
> . . . .
>
> Do you further understand that if any of the other defendants, for whatever reason, do not pay their respective shares as is going to be calculated, that you are bound to pay all that they don't pay, up to the sum of $146,009.47; you understand that?

In this case, it appears that the court ordered Defendant to pay the amount of proceeds he received ($32,056.30) plus one-fourth of the administrative costs ($37,166.00), less subrogation reimbursement credits. Further, Defendant was to be responsible for any of the unpaid codefendants' shares, up to $146,009.47. The

2

trial court erred in failing to set the amount of restitution, the amount due to each victim, and to specify on which count or counts the restitution was imposed.

In *State v. Fussell*, 06-324 (La.App. 3 Cir. 9/27/06), 941 So.2d 109, *reversed on other grounds*, 06-2595 (La. 1/16/08), 974 So.2d 1223, this court on error patent review, found the trial court imposed indeterminate sentences by ordering restitution without specifying the amount of restitution and without specifying on which count or counts restitution was being imposed. In that case, the trial court ordered restitution as follows:

> I'm gonna sentence you in bill number 69,110, to pay all costs of this suit. I'm directing the District Attorney to secure from the Clerk of Court, the Clerk's costs, to secure from the Sheriff the Sheriff's costs and to secure all other statutory fees and costs and to prepare a written judgment which will be filed in the mortgage records of LaSalle Parish. I'm also gonna order you to pay all restitution involved with respect to –if there is any –I order you to pay for any and all medical counseling and health expenses incurred by the victim or her family, as a consequence of your conviction for these offenses. That's also gonna be – it's an indetermined amount, it's just gonna be generally made in the judgment. I don't know what it's gonna be. I don't even know if the State's gonna make an application for that.
>
> . . . .
>
> And I've already ordered you to pay for any and all medical counseling or other health expenses incurred by the victim or her family as a consequence of your commission of those particular offenses in this case.

*Id.* at 139.

This court vacated Fussell's sentences and remanded the case for resentencing, noting that if restitution is imposed, the trial court must specify the amount of restitution imposed as well as on which count or counts the restitution is imposed.

The supreme court in *Fussell*, 974 So.2d 1223, agreed with this court on the restitution issue holding, in pertinent part:

> We agree with the Third Circuit Court of Appeal that, due to a nonspecific restitution order, the sentences imposed upon Defendant by the trial court were indeterminate and, thus, invalid. *See* La[.] C.Cr.P. art. 879 (stating that "[i]f a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence"); La.C.Cr.P. art. 883.2. Accordingly, this case must now be remanded for resentencing on all convicted counts.

*Id*. at 1238 (footnote omitted)(first alteration ours).

In *State v. Nguyen*, 10-483, p. 3 (La.App. 3 Cir. 2/2/11), 55 So.3d 976, 979, *writ denied*, 11-285 (La. 6/17/11), 63 So.3d 1038, this court found an order that the defendant "pay any outstanding restitution, out of pocket expenses that this victim has[]" was indeterminate and, thus, illegal, because the trial court did not specify the amount of restitution owed. The sentences were vacated, and the case was remanded for resentencing.

We find that the trial court erred in failing to set the specific amount of restitution to be paid, rendering the sentences indeterminate. Additionally, the restitution order does not specify the amount to be paid to each victim. Finally, the court failed to specify on which count or counts the restitution was imposed. Accordingly, we vacate the sentences and remand the case for resentencing. We note that upon remand for resentencing, if the trial court imposes sentences which include probation and payment of restitution as a condition thereof, the trial court must specify the amount of restitution to be paid to each victim and specify the manner in which the restitution is to be paid pursuant to La.Code Crim.P. art. 895.1. *See State v. Landry*, 09-260 (La.App. 3 Cir. 11/4/09), 21 So.3d 1148, *writ denied*, 09-2577 (La. 5/21/10), 36 So.3d 229. Further, we note that pursuant to *State v. Stevens*, 06-818, p. 3 (La.App. 3 Cir. 1/31/07), 949 So.2d 597, 600 a

4

payment plan "may be determined by the trial court or formulated by Probation and Parole and approved by the trial court."

## ASSIGNMENT OF ERROR NO. 1:

In his first assignment of error, Defendant claims that the trial court erred by failing to order the State or the relevant insurance companies to produce exculpatory materials. He specifically refers to depositions that various trial witnesses gave during civil negotiations that stemmed from the fake car wreck. We find no merit to this assignment of error.

A defendant's right to obtain exculpatory evidence in possession of the State is a settled principle. However, as the trial court observed:

> THE COURT: Mr. Iles, you just indicated to me that you had the deposition of Mr. Tezano.
>
> MR. ILES: Yes, sir.
>
> THE COURT: That deposition did not contain the names of the attorneys for the insurance company?
>
> MR. ILES: Yes, sir, it does.
>
> THE COURT: And so those individuals -- or you couldn't have derived that from those individuals, or subpoenaed those individuals, or . . . I'm at a loss as to why. I mean, Mr. Granger testified -- I didn't ask Ms. Watson -- but Mr. Granger testified he had not been requested, either by discovery or otherwise, as to copies of those, at least of Mr. Tezano or Mr. Fontenot's deposition. And so I'm kind of at a loss here, Mr. Iles. It appears to me that it was available to you. And I know what the insurance companies testified to, and yes, they -- I think that they have some responsibility in knowing what's supposed to be in their files, or what's in their files, or being transferred items in their files to the representatives here today. However, I don't know -- well, I do know that it was obviously available to you, and you obviously knew of these depositions, and in at least one deposition you have, they had -- I don't know if all defense counsel was [sic] in that deposition -- but you had knowledge of at least defense counsel in that particular deposition. And you are representing Mr. Tezano, I realize that, and you have obtained his deposition, but you didn't obtain Mr. Phil Fontenot's deposition who was also represented by Mr. Granger. And so I'm kind of at a loss for that.

5

And in connection with that, I'm going to find that it was available to you and that you could have obtained that by discovery from -- now, if they wouldn't have provided it to you, then we'd have another issue, but it wasn't even requested.

The state, obviously, in my opinion and in connection with the rules provided -- the evidentiary rules provided -- I don't think that the state is, if you will, liable, or should be sanctioned in any respect, due to the fact that both of these insurance companies are not agents of the state, or not agents of the district attorney's office and, therefore, they are only obligated to produce what they know and what they have, and obviously, they were provided -- the State was provided with no knowledge. In fact, it was emphatically indicated to them that there were no depositions taken. In fact, one of the insurance companies indicated there was no suit filed. So I'm going to deny your motions.

The supreme court has explained:

In accordance with the due process clause of the Fourteenth Amendment to the United States Constitution, the State must disclose evidence which is favorable to the defense when "the evidence is material either to guilt or to punishment" or impeaches the testimony of a witness where "the 'reliability [or credibility] of a given witness may well be determinative of guilt or innocence.'" *Brady* [*v. Maryland*], 373 U.S. [83,] 87, 83 S.Ct. [1194,] 1196-97; *Giglio v. United States*, 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972). "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985); *see also, State v. Rosiere*, 488 So.2d 965, 970 (La.1986). "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Bagley*, 473 U.S. at 682, 105 S.Ct. at 3383; *see also Rosiere*, 488 So.2d at 970-71. Contrarily, "[t]he mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *United States v. Agurs*, 427 U.S. 97, 109-10, 96 S.Ct. 2392, 2400, 49 L.Ed.2d 342 (1976). "Thus, the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial." *Bagley*, 473 U.S. at 675, 105 S.Ct. at 3380. Significantly, because the prosecution "alone can know what is undisclosed," it is "assigned the consequent responsibility to gauge the likely net effect of all such [favorable] evidence [unknown to the defense] and make disclosure when the point of 'reasonable probability' is reached." *Kyles v. Whitley*, 514 U.S. 419, 437, 115 S.Ct. 1555, 1567, 131 L.Ed.2d 490 (1995).

        . . . .

6

Louisiana jurisprudence has also consistently held a defendant is generally not entitled of right to the names, addresses, and telephone numbers of witnesses in the absence of extraordinary circumstances. *State v. Weathersby*, 09-2407, p. 2 (La.3/12/10), 29 So.3d 499, 501; *State v. Jackson*, 608 So.2d 949, 957 (La.1992); *State v. Loyd*, 425 So.2d 710, 718-19 (La.1982); *State v. Walters*, 408 So.2d 1337, 1339 (La.1982). Disclosure may be warranted, however, with a "determination that there exist peculiar and distinctive reasons why fundamental fairness dictates discovery." *Weathersby*, 09-2407 at pp. 2-3, 29 So.3d at 501; *State v. Washington*, 411 So.2d 451, 451 (La.1982). Still, even in extraordinary circumstances, witnesses should only be "made available" to the defense if the trial court after conducting an *in camera* interview finds they possess exculpatory information. *State v. Golden*, 95-0288, p. 1 (La.2/17/95), 650 So.2d 237, 238.

Nevertheless, the State's constitutional obligation to disclose exculpatory evidence does not relieve the defense of its obligation to conduct its own investigation and prepare a defense for trial as the State is not obligated under *Brady* or its progeny to furnish defendant with information he already has or can obtain with reasonable diligence. *State v. Kenner*, 05-1052, p. 2 (La.12/16/05), 917 So.2d 1081, 1081 (citing *United States v. Newman*, 849 F.2d 156, 161 (5th Cir.1988)); *see also, Michigan v. Harvey*, 494 U.S. 344, 348, 110 S.Ct. 1176, 1179, 108 L.Ed.2d 293 (1990) ("The essence of [defendant's] right [to assistance of counsel for his defense] . . . is the opportunity for a defendant to consult with an attorney and to have him investigate the case and prepare a defense for trial."). It follows, therefore, " '[t]here is no *Brady* violation where a defendant knew or should have known the essential facts permitting him to take advantage of any exculpatory information, or where the evidence is available from another source, because in such cases there is really nothing for the government to disclose.' " *State v. Hobley*, 98-2460, p. 25 n. 10 (La.12/15/99), 752 So.2d 771, 786 (quoting *Coe v. Bell*, 161 F.3d 320, 344 (6th Cir.1998)), *cert. denied*, 531 U.S. 839, 121 S.Ct. 102, 148 L.Ed.2d 61 (2000). As the United States Fifth Circuit Court of Appeal has noted:

> Regardless of whether the request was specific or general, and regardless of whether the evidence was material or even exculpatory, when information is fully available to a defendant at the time of trial and his only reason for not obtaining and presenting the evidence to the Court is his lack of reasonable diligence, the defendant has no *Brady* claim.

> The constitutional requirement of due process mandates that the defendant have a right to a fair trial. The prosecutor's duty not to suppress material information favorable to defendant flows from his office as representative of the Government's interest in and due

> process obligation to justice. Truth, justice, and the American way do not, however, require the Government to discover and develop the defendant's entire defense. . . . In no way can information known and available to the defendant be said to have been suppressed by the Government.
>
> *United States v. Brown*, 628 F.2d 471, 473 (5th Cir.1980) (citations omitted).

*State v. Harper*, 10-356, pp. 8-12 (La. 11/30/10), 53 So.3d 1263, 1269-71 (alterations in original).

After our review of the record, we find that the State is correct in observing that Defendant clearly knew about the depositions before trial and also was able to alert the jury to the various witnesses' prior inconsistent statements in said depositions. Thus, there is no true "*Brady* issue" in this case, and this assignment lacks merit.

## ASSIGNMENT OF ERROR NO. 2:

In his second assignment of error, Defendant argues that the trial court erred by allowing the State to introduce "other crimes evidence." State witness, Andrus, a co-conspirator, testified that after the vehicles were damaged, Defendant hit her in the neck. She also stated that she suffered a disk injury. Defendant now claims he should have received pretrial notice pursuant to *State v. Prieur*, 277 So.2d 126 (La.1973), and its codification in La.Code Evid. art. 1104.

As the State observes, Defendant failed to object at trial. Therefore the issue has not been preserved for review pursuant to "the contemporaneous objection rule" codified in La.Code Crim.P. art. 841. As the issue was not preserved, we will not consider this assignment of error.

## DECREE:

Defendant's convictions are affirmed. However, his sentences are vacated, and the case is remanded for resentencing. We note that if the trial court imposes

sentences which include probation and payment of restitution as a condition thereof, it must specify the amount of restitution to be paid to each victim and specify the manner in which the restitution is to be paid pursuant to La.Code Crim.P. art. 895.1. Further, we note that a payment plan may be determined by the trial court or formulated by Probation and Parole and approved by the trial court.

**CONVICTIONS AFFIRMED, SENTENCES VACATED, AND REMANDED FOR RESENTENCING.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules– Courts of Appeal, Rule 2–16.3.