PER CURIAM.
1 tWrit granted. The trial court erred in finding that there was “good cause” to subpoena a victim to testify at a pre-trial hearing on the identification of the two defendants. La. R.S. 46:1844(C)(3), which outlines rights for victims and witnesses, provides in part:
The victim and the victim’s family may refuse any requests for interviews with the attorney for the defendant or any employee or agent working for the attorney for the defendant.... Before any victim may be subpoenaed to testify on behalf of a defendant at any pretrial hearing, the defendant shall show good cause at a contradictory hearing with the district attorney why the subpoena should be issued.
In instant case, the testifying officer said that the victim was able to describe the gold car that was driven by the assailants, that one of the defendants moved from the passenger seat to the driver’s seat when the gold car was parked and was dressed all in black, and that the gold car followed the victim’s car. Within hours after the crime occurred, the victim identified the two defendants as the man who got into his car and began driving and the man who followed behind in the gold car. The relevant information needed to determine if an identification is reliable under Manson v. Brathwaite has been adduced. 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).
Importantly, there is a high degree of corroboration between the identification and the physical evidence recovered by police. Police used OnStar to locate the stolen vehicle at an apartment complex where the two defendants were | ¿found inside one of the apartments. The keys to the vehicle were found in the apartment.
In this case, the identification was reliable and was corroborated by other evidence. Thus, there is no good cause to subpoena the witness in the case to testify at a pre-trial hearing.