WRIT GRANTED.
_|/The trial court order at issue in this writ application was issued in response to the defense’s claim that although the State previously assured the defense and the trial court that it had complied with open-file discovery, the State’s supplemental Prieur notices refer to statements of witnesses that had not been provided to the defense. The defendant filed a motion to compel discovery wherein he requested that the trial court order the State to produce all witness statements (whether written, oral, or recorded) from interviews that were conducted after the State initially provided open-file discovery. The defendant indicated that the statements were needed to adequately prepare for an upcoming Prieur hearing. At a hearing on defendant’s motion, the trial court expressed concern regarding regulating and controlling inconsistencies in a witness’s *611 statement, even if it is work product. The prosecutor indicated that he would review all the interviews that he had already conducted and disclose any inconsistent statements to the defense and the court. The trial court then instructed the prosecutor to “memorialize” (for use by the State only) witness interviews in the event the case comes back to the court for an in camera inspection.
The State’s contention that the trial court erred in its decision to order the prosecutor to memorialize its witness interviews appears to be correct. The legislature codified the “work product privilege” for district attorneys in La.Code Crim. P. art. 723. See State v. Rey, 351 So.2d 489, 492-93 (La.1977). When articles 718 and 723 of the Code of Criminal Procedure are read together, it is clear that the state need not disclose its internal documents, ie. its work product, and the statements of witnesses unless such things are material and exculpatory, as determined by Brady and its progeny (or otherwise discoverable under article 718). See State v. Lee, 2000-0831 (La.App. 4th Cir. 5/8/00), 767 So.2d 97, 99-100. In the instant case, there is no indication that the State has failed to comply with its continuing duty to disclose or its obligation under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Moreover, a defendant’s constitutionally guaranteed right to confront witnesses and to have compulsory process for obtaining them is only secured at trial and not during a pretrial hearing. See State v. Weathersby, 2009-2407 (La.3/12/10), 29 So.3d 499, 501 (per curiam). Therefore, we find the trial court abused its discretion in ordering the state to “memorialize” witness interviews. Accordingly, the trial court’s order instructing the State to memorialize witness interviews is vacated, and this matter is remanded for further proceedings.