MAX N. TOBIAS, JR., Judge.
|, We granted a writ of certiorari in this ease; stayed the scheduled trial; ordered the clerk of the trial court to furnish this court with the record; directed counsel for the parties to submit further briefing, if warranted;[1] and docketed the matter for oral argument, to consider the applicability of article 729.7 of the Louisiana Code of Criminal Procedure to a written request by the defendant/relator, Trung Le, for an unredacted copy of the police reports in this matter. Mr. Le was charged by an indictment on 22 August 2014 with the unlawful killing (second degree murder) of Brittany Thomas and the attempted second degree murder of an unknown male. Mr. Le has entered pleas of not guilty to both charges.[2]
The trial court ordered both parties to turn over discovery to each other. On 11 September 2014, the state provided the defense with its inventory of discovery. Mr. Le filed motions (a) to suppress evidence, (b) for statements, (c) for identification, (d) for a preliminary hearing, and (e) for production of the police incident report of 15 September 2014. At the continued hearing on the setting of a | ¡.bond held on 19 September 2014, Mr. Le’s bond was set at $250,000.00. On 2 October 2014, the state again furnished the defense with its inventory of discovery. On 10 October 2014, the trial court ordered the state to provide the defense with all discoverable/exculpatory evidence; the state advised that written answers to discovery would be provided.
The defense objected in writing to redacted police reports provided by the state and again requested the production of same. At a hearing on 14 November 2014, the trial court found the state’s response to be “good and sufficient.” On 19 November 2014, the defense again filed a motion for the unredacted police reports and a motion to stipulate to the statements of the state’s witnesses. The defendant’s trial was continued until 28 February 2015 over the defense’s objection on 21 November 2014. Mr. Le filed a motion for speedy trial and to reduce his bond on 21 November 2014.
On 1 December 2014, Mr. Le again filed another motion for the unredacted police reports and for reduction of his bond. At the bond reduction hearing on 8 December 2014, Mr. Le was identified by Robert Benvenuti as the perpetrator. A bond re *244 duction was denied and the state was again ordered to turn over any exculpatory evidence. From the refusal of the state to turn over the unredacted police reports, Mr. Le sought the instant review.
The redacted police report furnished Mr. Le asserts that at about 2:45 a.m. on 29 June 2014, multiple gunshots were fired in the 700 block of Bourbon Street in New Orleans from 40-ealiber and 9-millimeter handguns. The motive appeared 1 sto be an argument over an illegal drug transaction. The perpetrators are listed as the defendant and an unknown “black” male. Multiple individuals were struck by the bullets; ten suffered wounds and one of them died.
I.
Effective 1 January 2014 and applicable to cases filed after 31 December 2013, La. C.Cr.P. art. 729.7 (2013 La. Acts, No. 250) became the law of Louisiana. Article 729.7 states:
A. Notwithstanding any other provision of law to the contrary, the district attorney or the defendant may delete or excise from any information required to be disclosed herein any information which identifies a witness if such party believes the witness’s safety may be compromised by the disclosure. If a party objects to the deletion or excision, he must do so by written motion. The court shall maintain the deletion or excision if, at an ex parte proceeding which shall be recorded and maintained under seal, the party excising or deleting such information makes a prima facie showing that the witness’s safety may be compromised by the disclosure.
B. If the information excised by a party includes the substance, or any part thereof, of any written or recorded statement of the witness, that party must provide the excised substance, or any part thereof, to the other party immediately prior to the witness’s testimony at the trial.
C.If a judge finds that the party excising or deleting such information has failed to present prima facie proof to support the deletion or excision of information related to a witness, then upon the motion of either party, the court shall order an automatic stay of all matters related to the disclosure of information about the witness and maintain all proceedings under seal during the time while the moving party seeks supervisory review to the appropriate reviewing courts with appellate jurisdiction, including the Louisiana Supreme Court.
|4P. The rules of evidence shall not be applicable to the ex parte proceedings conducted pursuant to this Article. [Emphasis supplied.]
Mr. Le asserts that he is entitled to the unredacted police report in its entirety under both article 729.7 and Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Although he acknowledges the state’s concern for the safety of witnesses if the witnesses’ names, addresses, and telephone numbers are disclosed in the report, Mr. Le filed the necessary written motion mandated by article 729.7 and thus asserts he must be furnished the report unless the state establishes at an ex parte proceeding that the witnesses’ safety may be compromised. The trial judge, pro tempore Judge Johnson, declined to hold the ex paHe proceeding, determining that the permanent elected judge assigned to the case (Judge Williams), should make the determination.
Contrariwise, the state, citing La. C.Cr.P. arts. 716-723 and the jurisprudence relative to discovery in criminal cases, asserts that notwithstanding article 729.7, an accused does not have a right to the names and addresses of the state’s *245 witnesses absent exceptional circumstances and peculiar distinctive reasons that are absent in the present case. Here, the state maintains that the new article limits a defendant’s right to discovery by permitting the state to redact information identifying a witness whose safety may be threatened by disclosure. Therefore, the state argues that no ex parte proceeding mandated by article 729.7 is warranted.
We first note that articles 716-723 and article 729.7 are contained in Title XXIV of the Louisiana Code of Criminal Procedure relative to proceedings prior to trial. Articles 713-728 are contained in Chapter 5, Part A of that title relative to ^discovery by the defendant, and article 729.7 is contained in Chapter 5, Part C of that title relative to the regulation of discovery.
Second, we note that article 718, which was also amended by 2013 La. Acts, No. 250 and effective as to cases billed or indicted (unless the district attorney and the defendant stipulate otherwise) after 31 December 2013, now authorizes and requires the production of law enforcement reports:
Subject to the limitation of Article 723 of this Code, and except as otherwise prohibited by law, upon written motion of the defendant, the court shall order the district attorney to permit or authorize the defendant to inspect and copy, photograph or prosecutor made in connection with the particular case, and to permit or authorize the defendant or an expert working with the defendant, to inspect, copy, examine, test scientifically, photograph, or otherwise reproduce books, papers, documents, photographs, tangible objects, buildings, places, or copies or portions thereof that are within the possession, custody, or control of the state, and that are intended for use by the state as evidence in its case in chief at trial, or were obtained from or belong. to the defendant. [Emphasis supplied.]
La. C.Cr.P. art. 718; cf. State v. Kelly, 367 So.2d 832, 833 (La.1979); State v. Burns, 44,937, pp. 17-18 (La.App. 2 Cir. 2/2/10), 32 So.3d 261, 273.
We disagree with the state’s position.
II.
Investigative reports of law enforcement are generally inadmissible as evidence. La. C.E. art. 803(8)(b)(i). Although the state is not required to disclose its entire file to an accused, the state is required to deliver evidence favorable to the accused that, if suppressed and not disclosed, would deprive the accused to a fair 1 fitrial. State v. Bazile, 12-2243, p. 18 (La.5/7/13), 144 So.3d 719, 734; see also Brady, supra. A defendant has no absolute right to an unredacted police report containing the witnesses’ identifying information, but may have a right to the unre-dacted report if he demonstrates a “distinctive reason why fundamental fairness dictates discovery of the names of these witnesses.” State v. Weathersby, 09-2407, pp. 2-3 (La.3/12/10), 29 So.3d 499, 501; see also State in Interest of A.D., 11-1197, p. 1 (La.11/23/11), 76 So.3d 435; State v. Blackman, 10-1354, p. 1 (La.7/2/10), 39 So.3d 585; State v. Young, 13-1069, p. 1 (La.6/28/13), 117 So.3d 96; State v. Taylor, 09-2341, p. 1 (La.2/5/10), 26 So.3d 776; cf. La. R.S. 46:1844 C(3).[3]
*246 We find that La. C.Cr.P. art. 729.7, which was added to our statutory law by La. 2013 Acts, No. 250 § 1, effective 1 January 2014, modified the procedure for disclosure of a witness known to the state and made known to the state in written form. A defendant must now file a written motion for the disclosure of the document in unredacted form. If the court believes that only a redacted document |7should be disclosed, the court shall (is required to) hold an ex parte proceeding in chambers with a court reporter and the state’s counsel present where the state shall (is required to) disclose its reasons on the record why the deleted and excised portions of the document should not be disclosed. The recording of the proceedings and the unredacted document shall thereafter be retained under seal. If the court agrees with either the state or the defendant, the court’s ruling shall be reviewable by supervisory writ application to an appellate court where the reasons given by the state at the ex parte in chambers proceeding and • the document may be reviewed for error or abuse of discretion of the trial court. In sum, once the defendant makes his discovery request, the state is first required to produce the police report as redacted; thereafter, the defendant must file his written objection(s) to the redacted material and request therein the redacted portions.[4]
Here, the state deleted from the police reports the names and contact information for nine of the ten victims listed; only Robert Benvenuti’s information was not deleted. In the narrative, all names, save Christopher Kelley, were deleted. The names of two victims are deleted in the reporting detective’s next list. The name of the deceased victim, Brittany Thomas, was not deleted from the report. On another page of the report, seven witnesses are listed, and four of them are blacked out; however, Christian Cooper, Jasmine Paxent, and Joshua Thornton are disclosed, for they gave recorded statements.
IsAlthough Judge Johnson did not precisely refuse the ex parte proceeding, his ruling deprived Mr. Le of his statutory right to the ex parte proceeding. Such was legal error. That is, the trial court procedurally erred by not holding an ex parte proceeding with the state once the defense filed the written motion, where the state would be required to make a prima facie showing that a witness’ safety may be compromised by the disclosure of his name and contact information under article 729.7.
m.
Having heretofore granted certiorari in this matter, we now reverse the decision of the trial court and remand this matter to the trial court for it to hold an ex parte proceeding to be maintained under seal. At the ex parte proceeding, the state shall be required to make a prima facie showing why the remainder of the sought documents) should not be disclosed to the defense. From a decision of the trial court *247 on whether the redacted portions of the documents should be produced, a party may seek appropriate supervisory appellate relief.
Further, the stay that we heretofore entered is vacated.
REVERSED; REMANDED.

. Neither party submitted further briefing.

. This case has been heard by a number of pro tempore judges due to the illness of the elected judge presiding over the case, Judge Julian Parker. The judge who ruled upon the present matter was pro tempore Judge Calvin Johnson. Now, the case is presided over by Judge Byron C. Williams, the elected judge of Section "G.”

. As to reasons not to disclose the names and contact information of witnesses, in State v. Harper, 10-0356, pp. 10-11 (La. 11/30/10), 53 So.3d 1263, 1270-1271, the Supreme Court stated:
[A] defendant is generally not entitled of right to the names, addresses, and telephone numbers of witnesses in the absence of extraordinary circumstances. Disclosure may be warranted, however, with a "deter- *246 minalion that there exist peculiar and distinctive reasons why fundamental fairness dictates discovery.” Weathersby, 09-2407 at pp. 2-3, 29 So.3d at 501 Still, even in extraordinary circumstances, witnesses should only be "made available” to the defense if the trial court after conducting an in camera interview finds they possess exculpatory information. [Most internal citations omitted.]
The Court therein held that during the discovery phase of a trial, absent extraordinary circumstances, a trial court abuses its discretion by ordering the production of a witness for an in camera interview. Harper, p. 16, 53 So.3d at 1274.

. Nothing in'our decision herein excuses the state from disclosing Brady material to a defendant.