JUDGE SANDRA CABRINA JENKINS
*529 Relator/defendant seeks review of the trial court's December 20, 2017 ruling that overruled the defense's written objection to the State's discovery redaction. For the following reasons, we grant defendant's writ and remand this matter to the trial court to conduct an ex parte proceeding with the State in accordance with the mandatory provisions of La. C.Cr.P. art. 729.7.
PROCEDURAL BACKGROUND
On February 17, 2017, defendant was indicted for one count of second degree murder and one count of obstruction of justice. After entering a plea of not guilty, defendant filed several motions, including a motion for discovery. On April 7, 2017, the State tendered initial discovery, including police reports from the investigation leading to defendant's arrest and indictment. However, the State redacted identifying information as to two witnesses in the police reports. In response, on July 24, 2017, defendant filed a motion for supplemental discovery and, in accordance with La. C.Cr.P. art. 729.7, a written motion objecting to the State's redaction of information identifying the witnesses.
On December 20, 2017, the trial court held a hearing on defendant's motion objecting to the State's discovery redaction. At the hearing, the State agreed to provide defendant with information and a recorded statement as to one of the redacted witnesses. However, the State argued that the identity of the second witness was protected, pursuant to La. R.S. 46:1844(W) and La. Ch. C. arts. 322 and 323, because the witness is a juvenile. Defense counsel argued that the statutes cited by the State were inapplicable; and, in accordance with the mandatory, governing provisions of La. C.Cr.P. art. 729.7, the trial court should hold an ex parte , in camera hearing with the State where it must make a prima facie showing that the witness's safety may be compromised. Following arguments, the trial court stated, "I'll just rule that the person is protected."
DISCUSSION
In this writ, defendant argues that the trial court abused its discretion in determining the redacted witness was "protected" without conducting an ex parte hearing pursuant to La. C.Cr.P. art. 729.7. For the following reasons, we find the trial court's ruling was legal error.
First, we note that La. C.Cr.P. art. 718 authorizes and requires the production of law enforcement reports,[1] as follows:
Subject to the limitation of Article 723 of this Code, and except as otherwise prohibited by law, upon written motion of the defendant, the court shall order the district attorney to permit or authorize the defendant to inspect and copy, photograph or otherwise reproduce law enforcement reports created and known to *530 the prosecutor made in connection with the particular case, and to permit or authorize the defendant or an expert working with the defendant, to inspect, copy, examine, test scientifically, photograph, or otherwise reproduce books, papers, documents, photographs, tangible objects, buildings, places, or copies or portions thereof that are within the possession, custody, or control of the state, and that are intended for use by the state as evidence in its case in chief at trial, or were obtained from or belong to the defendant.
Recognizing that, under certain circumstances, the disclosure of information identifying witnesses may compromise witness safety, La. C.Cr.P. art. 729.7 provides a procedure for the protection of witness identity as follows:
A. Notwithstanding any other provision of law to the contrary, the district attorney or the defendant may delete or excise from any information required to be disclosed herein any information which identifies a witness if such party believes the witness's safety may be compromised by the disclosure. If a party objects to the deletion or excision, he must do so by written motion. The court shall maintain the deletion or excision if, at an ex parte proceeding which shall be recorded and maintained under seal, the party
excising or deleting such information makes a prima facie showing that the witness's safety may be compromised by the disclosure. (emphasis added)
B. If the information excised by a party includes the substance, or any part thereof, of any written or recorded statement of the witness, that party must provide the excised substance, or any part thereof, to the other party immediately prior to the witness's testimony at the trial.
C. If a judge finds that the party excising or deleting such information has failed to present prima facie proof to support the deletion or excision of information related to a witness, then upon the motion of either party, the court shall order an automatic stay of all matters related to the disclosure of information about the witness and maintain all proceedings under seal during the time while the moving party seeks supervisory review to the appropriate reviewing courts with appellate jurisdiction, including the Louisiana Supreme Court.
D. The rules of evidence shall not be applicable to the ex parte proceedings conducted pursuant to this Article.
In State v. Le , 15-0014 (La. App. 4 Cir. 4/2/15), 165 So.3d 242, this Court considered the applicability of La. C.Cr.P. art. 729.7, in an analogous situation to the instant case. In Le , the defense filed a written objection to the State's redaction of witness information in the police reports; but the trial court overruled the objection and found that the State's discovery response was "good and sufficient." 15-0014,p. 2, 165 So.3d at 243. In seeking review of the trial court's ruling, the defense argued that it had complied with the provisions of La. C.Cr.P. art. 729.7, and, accordingly, the trial court erred by declining to hold an ex parte proceeding at which the State was required to make a prima facie showing that the disclosure would compromise witness safety. Finding that the provisions of La. C.Cr.P. art. 729.7 -made law by 2013 La. Acts, No. 250, § 1, effective January 1, 2014-had modified the trial court procedure for disclosure of witness identity known to the State in written form, this Court held that the mandatory provisions of La. C.Cr.P. art. 729.7 apply as follows:
A defendant must now file a written motion for the disclosure of the document *531 in unredacted form. If the court believes that only a redacted document should be disclosed, the court shall (is required to) hold an ex parte proceeding in chambers with a court reporter and the state's counsel present where the state shall (is required to) disclose its reasons on the record why the deleted and excised portions of the document should not be disclosed. The recording of the proceedings and the unredacted document shall thereafter be retained under seal. If the court agrees with either the state or the defendant, the court's ruling shall be reviewable by supervisory writ application to an appellate court where the reasons given by the state at the ex parte in chambers proceeding and the document may be reviewed for error or abuse of discretion of the trial court. In sum, once the defendant makes his discovery request, the state is first required to produce the police report as redacted; thereafter, the defendant must file his written objection(s) to the redacted material and request therein the redacted portions.
Le , 15-0014, pp. 6-7, 165 So.3d at 246. Further, this Court found that the trial court's ruling, while not a refusal to hold an ex parte proceeding, still deprived defendant of his statutory right to the ex parte proceeding; "[s]uch was legal error." Id. , 15-0014,p. 8, 165 So.3d at 246. Consequently, this Court granted defendant's writ, reversed the trial court ruling, and remanded the matter to the trial court to hold the required ex parte proceeding, to be maintained under seal, at which the state shall be required to make a prima facie showing why the redacted information should not be disclosed.
In the instant case, the State argues that it is precluded from disclosing unredacted information regarding the juvenile witness, pursuant to La. R.S. 46: 1844(W) and La. Ch. C. arts. 322 and 323. However, the provisions of those statutes are inapplicable in this matter regarding the disclosure of identifying information of witnesses in police reports.
La. R.S. 46:1844(W) provides in pertinent part as follows:
W. Confidentiality of crime victims who are minors, victims of sex offenses, and victims of human trafficking-related offenses.
(1)(a) In order to protect the identity and provide for the safety and welfare of crime victims who are minors under the age of eighteen years and of victims of sex offenses or human trafficking-related offenses, notwithstanding any provision of law to the contrary, all public officials and officers and public agencies, including but not limited to all law enforcement agencies, sheriffs, district attorneys, judicial officers, clerks of court, the Crime Victims Reparations Board, and the Department of Children and Family Services or any division thereof, shall not publicly disclose the name, address, or identity of crime victims who at the time of the commission of the offense are minors under eighteen years of age or of victims of sex offenses or human trafficking-related offenses, regardless of the date of commission of the offense. The confidentiality of the identity of the victim who at the time of the commission of the offense is a minor under eighteen years of age or the victim of a sex offense or human trafficking-related offense may be waived by the victim. The public disclosure of the name of the juvenile crime victim by any public official or officer or public agency is not prohibited by this Subsection when the crime resulted in the death of the victim.
By the clear wording of La. R.S. 46: 1844(W), the statute provides for the *532 "[c]onfidentiality of crime victims who are minors, victims of sex offenses, and victims of human trafficking-related offenses;" the statute does not provide for the confidentiality of witnesses who are minors.
Likewise, we find the provisions of La. Ch.C. arts. 322 and 323 inapplicable to the instant matter. Those statutes pertain to a procedure by which the trial court in a juvenile proceeding may permit a special exception to the hearsay rule by allowing receipt of videotaped statements or closed-circuit television testimony of protected persons who are witnesses to or victims of a crime. La. Ch. C. art. 322. Also, La. Ch. C. art. 323 specifically defines a "protected person" as "any person who is a victim of a crime or a witness in a juvenile proceeding and who either: (a) is under the age of seventeen years; [or] (b) has a developmental disability as defined in R.S. 28:51.2(12)." (emphasis added). Neither of the Children's Code statutes cited by the State authorizes withholding otherwise discoverable, identifying information about witnesses to a crime.
Rather, La. C.Cr.P. art. 729.7 governs in this matter and its provisions are mandatory. The State redacted information from a discoverable document based on its concern for the witness's safety; in response, the defendant followed the appropriate procedure by objecting to the redaction in a written motion. If the trial court believed that the redaction should be maintained, then it was required to hold an ex parte proceeding, recorded and maintained under seal, at which the State must make a prima facie showing why the redacted information should not be disclosed to defendant. Thus, in this matter, the trial court erred in maintaining the redaction without holding the required ex parte proceeding.
DECREE
For the foregoing reasons, defendant's writ is granted and the trial court's December 20, 2017 ruling is reversed. We remand this matter to the trial court to hold an ex parte proceeding in accordance with the governing provisions of La. C.Cr.P. art. 729.7.
WRIT GRANTED; REVERSED AND REMANDED

The discovery articles of the Code of Criminal Procedure relevant to this matter were amended by 2013 La. Acts, No. 250, and effective in this case.