STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 KA 0075

STATE OF LOUISIANA

VERSUS

ROSLYN G. LEGAUX

Judgment Rendered: _SEP 2 7 2019_

* * * * *

On Appeal from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket No. 587,896

Honorable Reginald T. Badeaux, III, Judge Presiding

* * * * *

Warren L. Montgomery                    Attorneys for Appellee,
District Attorney                       State of Louisiana
Matthew Caplan
Assistant District Attorney
Covington, Louisiana


P. David Carollo                        Attorney for Defendant/Appellant,
Slidell, Louisiana                      Roslyn G. Legaux


* * * * *

BEFORE:   HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

Higginbotham, J. agrees in part & dissents
in part and assigns reasons.

**PENZATO, J.**

The defendant, Roslyn G. Legaux, was charged by misdemeanor bill of information with running a stop sign resulting in the death of another, a violation of La. R.S. 32:123(E)(1)(c) & (d)(ii). She pled not guilty. Following a jury trial, she was found guilty as charged. She was sentenced to twelve months at hard labor, suspended, two years of probation, and fined $500. She now appeals,[1] contending: (1) the trial court erred in denying the defense motion to continue on the basis of the production of a State witness on the day of trial; (2) the evidence was insufficient to support the verdict; and (3) the trial court erred in overruling the defense objection to the admissibility of the traffic citation. For the following reasons, we affirm the conviction, amend the sentence, and affirm the sentence as amended.

## FACTS

On December 3, 2015, Billy Beasley and his wife, Coral, were struck by the defendant's vehicle as they travelled on Louisiana Highway 433/Thompson Road in Slidell. The intersection at which the defendant entered Highway 433 from Robin Street was controlled by a stop sign. There was no stop sign controlling traffic for vehicles travelling on Highway 433. On December 5, 2015, Coral died as a result of injuries she sustained in the accident.

## SUFFICIENCY OF THE EVIDENCE

In assignment of error[2] number 2, the defendant argues the evidence was insufficient to support the conviction due "to the varying testimony as to whether [she] stopped at the stop sign or ran the stop sign and the impact of the vehicles as to

---

[1] The penalty exposure in this case was more than six months, thus triggering the right to jury trial. La. Const. art. I, § 17(A); La. Code Crim. P. art. 779(A); *Duncan v. Louisiana*, 391 U.S. 145, 159, 88 S.Ct. 1444, 1453, 20 L.Ed.2d 491 (1968) ("[c]rimes carrying possible penalties up to six months do not require a jury trial if they otherwise qualify as petty offenses."); *State v. Suggs*, 432 So.2d 1016, 1017 (La. App. 1st Cir. 1983). The right to jury trial, in turn, triggered the right to appeal. *See* La. Code Crim. P. art 912.1(B)(1).

[2] The defendant lists two formal assignments of error, but three issues for review. We address the issues for review as assignments of error.

where it actually occurred and specifically, the victims['] vehicle pulling to the left on [Highway 433] caused it to go into the northbound lane."

In cases such as this one, where the defendant raises issues on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should preliminarily determine the sufficiency of the evidence, before discussing the other issues raised on appeal. When the entirety of the evidence, both admissible and inadmissible, is sufficient to support the conviction, the accused is not entitled to an acquittal, and the reviewing court must review the assignments of error to determine whether the accused is entitled to a new trial. *State v. Hearold*, 603 So.2d 731, 734 (La. 1992); *State v. Smith*, 2003-0917 (La. App. 1st Cir. 12/31/03), 868 So.2d 794, 798. Accordingly, we will first address the defendant's second assignment of error, which challenges the sufficiency of the State's evidence.

A conviction based on insufficient evidence cannot stand, as it violates due process. *See* U.S. Const. amend. XIV; La. Const. art. I, § 2. In reviewing claims challenging the sufficiency of the evidence, this court must consider "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *see also* La. Code Crim. P. art. 821(B); *State v. Mussall*, 523 So.2d 1305, 1308-09 (La. 1988). The *Jackson* standard, incorporated in Article 821, is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. *State v. Watts*, 2014-0429 (La. App. 1st Cir. 11/21/14), 168 So.3d 441, 444, *writ denied*, 2015-0146 (La. 11/20/15), 180 So.3d 315.

When a conviction is based on both direct and circumstantial evidence, the reviewing court must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When analyzing circumstantial evidence, Louisiana Revised Statute 15:438 provides that, in order to

3

convict, the fact finder must be satisfied that the overall evidence excludes every reasonable hypothesis of innocence. The facts then established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. *Watts*, 168 So. 3d at 444.

Louisiana Revised Statutes 32:123, in pertinent part, provides:

A. Preferential right of way at an intersection may be indicated by stop signs[.]

B. [E]very driver and operator of a vehicle approaching a stop intersection indicated by a stop sign shall stop before entering the crosswalk on the near side at a clearly marked stop line, but if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection. After having stopped, the driver shall yield the right-of-way to all vehicles which have entered the intersection from another highway or which are approaching so closely on said highway as to constitute an immediate hazard.

Billy Beasley, the decedent's husband, testified at trial. On the day of the accident, he and his wife, the decedent, Coral, were travelling southbound on Highway 433. He testified "[the defendant] didn't stop at the stop sign and just run straight out into the main highway and we collided." Immediately prior to the collision, Beasley stated, "we're going to hit her" or "she's going to hit us." Following the collision, both vehicles went into a ditch with water. Beasley's watch stopped at the time of the accident – 12:45. He testified and identified photographs showing the collision occurred at the intersection of Highway 433 and Robin Street and that the intersection was controlled by a stop sign on Robin Street. Highway 433 had no stop sign.

Nancy Remmers testified she had been the neighbor of the decedent and Beasley for over twenty years. At the time of the accident, she was returning home after a doctor's appointment and was travelling behind the decedent and Beasley.

4

She saw the car at the stop sign lurch forward, hit the decedent and Beasley, "and both of them went straight into the ditch."

The defendant testified at trial. She claimed, on the day of the accident, she stopped at the stop sign, began to turn into the northbound lane on Highway 433 "when Mr. Beasley's truck, coming from the south, hit me in my left front." According to the defendant, the Beasley vehicle pushed her into the ditch and "ricocheted" off her vehicle. She denied "running" the stop sign.

The defendant admitted to paying a traffic citation she received as a result of the accident. The defendant claimed a Louisiana State Trooper brought her the ticket while she was in the emergency room, and that she only paid the citation because the Trooper did not want to hear her account of the accident and told her he had already made his decision.

The State and the defense stipulated that the decedent was examined by the coroner, Yoshiyuki Kikuchi, and if called to testify, he would testify in accordance with his report. Thereafter, the State introduced the autopsy report into evidence. The report indicated that, on December 5, 2015, the decedent died of blunt force injuries of her torso due to a motor vehicle accident.

Any rational trier of fact, viewing the evidence presented in this case in the light most favorable to the State, could find that the evidence proved beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, that the defendant violated La. R.S. 32:123, resulting in the death of the decedent. The verdict indicates the jury accepted the testimony of the witnesses presented by the State, which indicated the defendant either "ran" the stop sign or lurched forward after stopping, striking the decedent's vehicle. Although the defendant challenged whether or not she "ran" the stop sign, even her own testimony indicated, at the very least, she failed to yield to the decedent's vehicle, which had the right-of-way. As the trier of fact, the jury was free to accept or reject, in whole or in

part, the testimony of any witness. On appeal, this court will not assess the credibility of witnesses or reweigh the evidence to overturn a fact-finder's determination of guilt. *Watts*, 168 So.3d at 447.

The verdict also indicates that the jury rejected the defendant's theory that the accident was Mr. Beasley's fault. When a case involves circumstantial evidence and the jury reasonably rejects the hypothesis of innocence presented by the defense, that hypothesis falls, and the defendant is guilty unless there is another hypothesis which raises a reasonable doubt. *Id.* No such hypothesis exists in the instant case.

In reviewing the evidence, we cannot say that the jury's determination was irrational under the facts and circumstances presented to them. *See State v. Ordodi*, 2006-0207 (La. 11/29/06), 946 So.2d 654, 662. An appellate court errs by substituting its appreciation of the evidence and credibility of witnesses for that of the fact finder and thereby overturning a verdict on the basis of an exculpatory hypothesis of innocence presented to, and rationally rejected by, the jury. *State v. Calloway*, 2007-2306 (La. 1/21/09), 1 So.3d 417, 418 (per curiam). In accepting a hypothesis of innocence that was not unreasonably rejected by the fact finder, a court of appeal impinges on a fact finder's discretion beyond the extent necessary to guarantee the fundamental protection of due process of law. *See State v. Mire*, 2014-2295 (La. 1/27/16), 269 So.3d 698, 703 (per curiam).

This assignment of error is without merit.

## DENIAL OF TRIAL CONTINUANCE

In assignment of error number 1, the defendant argues the trial court erred in denying the defense motion to continue on the basis of the production of a State witness on the day of trial.

Subject to the defendant's rights under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and its progeny, except as otherwise provided in the discovery articles, La. Code Crim. P. art. 723(A) exempts from defense

6

discovery and inspection, "reports, memoranda, notes, or other internal [S]tate documents made by the district attorney or by agents of the [S]tate in connection with the investigation or prosecution of the case." Louisiana Code of Criminal Procedure article 716(F), provides, "[n]othing contained in [the discovery and inspection articles of the Louisiana Code of Criminal Procedure] shall obligate the [S]tate to provide to any defendant a witness list for any trial or pretrial matter." The prosecutor's witness list generally is not discoverable in the absence of extraordinary circumstances. Only when there is a determination that there exist peculiar and distinctive reasons why fundamental fairness dictates discovery is such material discoverable. *State v. Weathersby*, 2009-2407 (La. 3/12/10), 29 So.3d 499, 501 (per curiam).

Prior to the beginning of voir dire, the State notified the defense that Nancy Remmers would testify. The defense objected to lack of notice. The State indicated it had only become aware that Remmers was a witness the previous day while attempting to contact the decedent's husband. The State argued the defense would have an opportunity to cross-examine Remmers and it was not required to disclose the identity of witnesses it called. The State further noted it had not withheld a written or recorded statement. The defense moved for a continuance so it could "thoroughly investigate this." The court denied the motion to continue, and the defense objected to the ruling. Remmers testified at trial and the defense cross-examined her.

The granting or denial of a motion for continuance rests within the sound discretion of the trial court, and its ruling will not be disturbed on appeal absent a showing of a clear abuse of discretion. *State v. Roberts*, 2012-1555 (La. App. 1st Cir. 4/26/13), 116 So.3d 754, 757, *writs denied*, 2013-1204, 2013-1215 (La. 12/6/13), 129 So.3d 528. There was no clear abuse of discretion in the denial of the motion to continue. The State did not violate the discovery articles in

7

presenting testimony from Remmers; there was no *Brady* issue concerning her testimony; and the defense failed to present any peculiar and distinctive reason why fundamental fairness was offended by her testifying. Furthermore, there was sufficient evidence to convict the defendant without Remmers's testimony.

This assignment of error is without merit.

## ADMISSION OF THE WRITTEN PLEA OF GUILTY

In assignment of error number 3, the defendant argues the trial court erred in overruling the defense objection to the admissibility of the traffic citation. The State argues that the assignment of error was not preserved for review. In the alternative, the State argues the evidence was properly admitted.

Prior to the presentation of testimony, the State notified the defense that it intended to introduce the defendant's plea to a traffic citation as a statement against interest. The defendant was initially ticketed for failure to yield and paid the ticket. Thereafter, the State brought an enhanced charge of failure to stop, resulting in death.

The February 18, 2016, "Written Plea of Guilty," signed by the defendant, in pertinent part, showed receipt of $226.01 for "FAILURE TO YIELD AT STOP SIGN" and a "CC FEE." Additionally, the plea set forth:

> I, the undersigned, understand that I have the right to plead not guilty and to have a trial for the offense(s) stated.
>
> I waive my right to counsel and wish to proceed in this matter without an attorney present.
>
> As authorized by law[,] I hereby waive my appearance in court[,] waive jurisdiction and enter a plea of guilty to the charge.

The trial court found that the probative value of the evidence outweighed its prejudicial effect, that the evidence was a court record, and "the State can ask the Court to take judicial notice." Accordingly, the court ruled the evidence was admissible. The defense objected to the ruling.

8

Initially, we address whether or not the defendant preserved the issue for review. The State relies upon *State v. Hookfin*, 476 So.2d 481 (La. App. 1st Cir. 1985) to argue that the issue was not preserved for review. *Hookfin* involved an appeal from two convictions of aggravated rape involving a seven-year-old boy and his five-year-old brother. *Hookfin*, 476 So.2d at 484. Defense counsel therein objected to the following question to the doctor who examined the boys after they claimed abuse, "Doctor, in your expert opinion, is it possible for a group of children say, ages five, six, seven and eight to get together and simultaneously have a group orgy?" *Hookfin*, 476 So.2d at 492. The defense stated no grounds for the objection at trial and argued for the first time on appeal that the doctor's testimony concerning the ability of small children to have orgies was beyond the scope of his expertise. *Hookfin*, 476 So.2d at 492. This court found "[a]n assignment of error reserved to a trial court ruling where there is no basis for the objection stated and no error pointed out presents nothing for review."[3] *Id.*

A contemporaneous objection is necessary to preserve the issue for appellate review. La. Code Crim. P. art. 841(A); La. Code Evid. art. 103(A)(1). Additionally, it is well settled that defense counsel must state the basis for his objection when making it and point out the specific error of the trial court. The grounds for the objection must be sufficiently brought to the attention of the trial court to allow it the opportunity to make the proper ruling and correct any claim of prejudice. *State v. Patton*, 2010-1841 (La. App. 1st Cir. 6/10/11), 68 So.3d 1209, 1216.

In the instant case, contrary to the situation in *Hookfin*, the defense is not challenging the admissibility of evidence for the first time on appeal. Defense counsel contemporaneously objected to the court's ruling at trial. (R. 182). The trial court went on the record to set out that the State offered the challenged

---

[3] Thereafter, this court addressed the issue and found it to be without merit. *Hookfin*, 476 So.2d at 492.

9

evidence as a statement against interest, that the court had determined that under La. Code Evid. art. 403, the probative value of the evidence outweighed its prejudicial value, and that the evidence was a court record of which the State could ask the court to take judicial notice; and thus, the evidence would be admitted.

Addressing the assignment of error on the merits, we find the written plea of guilty was properly admitted at trial. Hearsay is a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted. La. Code Evid. art. 801(C). A statement against interest is not excluded by the hearsay rule if the declarant is unavailable as a witness. La. Code Evid. art. 804(B)(3). In the instant case, the defendant did not invoke her privilege against self-incrimination, and thus, was not unavailable as a witness. Accordingly, her written plea of guilty was inadmissible as a statement against interest. *See State v. Mays*, 51,552 (La. App. 2d Cir. 8/16/17), 244 So.3d 607, 616, *writ denied*, 2017-1640 (La. 5/25/18), 243 So.3d 565. However, a witness's own statement offered against her is a personal admission, which is not hearsay. La. Code Evid. art. 801(D)(2)(a); *State v. Lutcher*, 96-2378 (La. App. 1st Cir. 9/19/97), 700 So.2d 961, 970, *writ denied*, 97-2537 (La. 2/6/98), 709 So.2d 731.[4] Further, as noted by the trial court, the probative value of the statement outweighed its prejudicial effect, and thus, the statement satisfied the balancing test of La. Code Evid. art. 403. *See State v. Billiot*, 94-2419 (La. App. 1st Cir. 4/4/96), 672 So.2d 361, 372, *writ denied*, 96-1149 (La. 10/11/96), 680 So.2d 655.

This assignment of error is without merit.

## REVIEW FOR ERROR

Pursuant to La. Code Crim. P. art. 920, this court routinely conducts review for error discoverable by mere inspection of the pleadings and proceedings and without inspection of the evidence. After a careful review of the record, we have found a

---

[4] We need not, and thus, do not address whether or not the trial court could have taken judicial notice of the guilty plea.

sentencing error. The State has raised this sentencing error in its brief and suggests that this court impose the minimum mandatory fine of $1,000.00.

The trial court imposed a $500.00 fine in this case.[5] The mandatory fine, however, was "not less than one thousand dollars nor more than five thousand dollars." La. R.S. 32:123(E)(1)(c). An amendment of the defendant's sentence to include this nondiscretionary fine, in the minimum amount, does not constitute a due process violation because neither actual retaliation nor vindictiveness exists in this correction. *See State v. Carter*, 2016-1078 (La. App. 1st Cir. 12/22/16), 210 So.3d 306, 309-10. Accordingly, we amend the defendant's sentence to include a fine in the minimum amount of $1,000.00.

**CONVICTION AFFIRMED; SENTENCED AMENDED AND AFFIRMED AS AMENDED.**

---

[5] Contrary to the record, the State's brief sets forth that no fine was imposed in this case.

STATE OF LOUISIANA

COURT OF APPEAL

NO. 2019 KA 0075

STATE OF LOUISIANA

VERSUS

ROSLYN G. LEGAUX

******************************************************************

HIGGINBOTHAM, J., AGREES IN PART AND DISSENTS IN PART AND ASSIGNS REASONS.

I agree with affirming the defendant's conviction, but I respectfully dissent from the majority's decision to amend the illegally lenient sentence in this case. The majority correctly points out that the trial court did not impose the correct amount of the statutorily mandated fine, which is a patent error. However, I would decline to correct this error because the sentence is not inherently prejudicial to the defendant and the State merely raised the issue in its opposition brief rather than on appeal. See **State v. Price**, 2005-2514 (La. App. 1st Cir. 12/28/06), 952 So.2d 112, 123-125 (en banc), writ denied, 2007-0130 (La. 2/22/08), 976 So.2d 1277. See also **State v. Turner**, 2008-1188 (La. App. 5th Cir. 5/12/09), 13 So.3d 695, 704-705, writ denied, 2009-2100 (La. 8/18/10), 42 So.3d 400. Accordingly, I would affirm the defendant's conviction and sentence.

1