JjPER CURIAM.
Writ granted in part, otherwise denied.
In this matter, the State claims that ordering it to provide the defendant with names and addresses of potential witnesses will put the witnesses at risk of retaliation. On the other hand, the defendant contends he is being denied the right to meaningful discovery under the due process clause. Both the State and the defense have recognized the difficult balance that must be struck.
Notably, defense counsel demonstrated a willingness to abide by a district court order partially limiting the State’s disclosure of the ordered information, stating:
Any safeguards that are needed, if there’s a concern about some type of intimidation, the defense will gladly work with you. We just simply need this information. We could sign affida *530 vits that we won t disclose this to anyone else, but we need this to properly prepare this for trial and not delay things. [9/20/02 Tr. at 4 (App. No. 02-KK-2727 ex. 2 at 4) ]
| {¡Further, defense counsel offered not to share the witnesses names or addresses even with his client. Id. at 11. In the district court, the State neither commented on the alleged potential threat to witness safety, nor its position regarding the defendant’s proposal. Id. The State concedes that the disclosure is necessary, the only issue is the timing of the disclosure.
This is a matter of first impression in this court. This is a matter which requires a delicate balancing of the rights of the defendant to full and complete disclosure of exculpatory materials against the societal interest in protecting innocent witnesses who voluntarily come forward to testify. Often it is only through witnesses who are voluntarily willing to come forward that the truth can be determined at trial. There is a tremendous societal interest in protecting citizens from danger and the fear of retaliation for doing that which any good citizen should do.
Because of the significance of this issue and because both the State and defense have recognized the delicate balance which must be struck, it is appropriate that this matter be remanded to the trial court for an evidentiary hearing. In striking the balance between the defendant’s right to disclosure of Brady/Giglio matters and the societal concern for the safety of witnesses, the court should consider all relevant factors. (For a nonexclusive listing of some such relevant factors which can provide guidance, see La.C.Cr.P. art. 334.)
Additional consideration should be given to any evidence which establishes the defendant attempted to threaten any witnesses, the seriousness of any such threat, and the defendant’s ability to carry out such a threat. The court should take into account what information has been requested by the defendant, how that information will be used by the defendant, and whether a delayed disclosure of 13Brady material will be timely for its effective use at trial. See e.g., United States v. Higgs, 713 F.2d 39, 44 (3rd Cir.1983).
We remand the case to the district court with instructions to afford both sides the opportunity to present evidence regarding the safety of potential witnesses, and to determine the method by which the State will comply with the court of appeal’s discovery order. This determination shall take into account both the safety of the potential witnesses and this court’s rule that “the late disclosure as well as the nondisclosure of exculpatory evidence can so prejudice a defendant that he is deprived of his constitutional right to a fair trial.” State v. Williams, 448 So.2d 659, 665 (La.1984). (See Higgs, 713 F.2d at 44, “No denial of due process occurs if Brady material is disclosed ... in time for its effective use at trial.”) In all other respects, the application is denied.
CALOGERO, C.J., recused.