PAUL A. BONIN, Judge.
RTrung Le pleaded not guilty to the manslaughter charge of killing. Brittany Thomas and the charge of the attempted second degree murder, of an unknown male. During the pretrial discovery process, the prosecution furnished Mr. Le with a redacted supplemental report of the police investigation. In that report, the prosecution had deleted the names and contact information of some, but not all, of the witnesses to the -gunfire exchange that resulted in Ms. Thomas’s death and the attempted murder of the unknown male.
Following this limited disclosure, Mr. Le filed a motion under Article 729.7 of the Louisiana Code of Criminal Procedure seeking to be furnished with the deleted information or an unredacted copy of the police report. Initially, the predecessor trial judge denied Mr. Le’s motion to conduct an ex parte hearing and instead ordered that the prosecution disclose to Mr. Le all material evidence under Brady v. Maryland. See 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Mr. Le timely sought our supervisory review. We granted Mr. Le’s writ and remanded the matter for the trial judge to ^conduct an ex parte hearing in compliance with Article 729.7 A. See State v. Le, 15-0014, p. 8 (La.App. 4 Cir. 4/2/15), 165 So.3d 242, 244.
That ex parte' hearing was conducted, recorded, and maintained under seal. And, on April 17, 2015, the trial judge maintained the redactions, thereby denying Mr. Le’s motion for the disclosure of the witnesses’ names and contact information. The trial judge found that the prosecution had made a sufficient prima facie showing that the “disclosure of witnesses’ information will more [than] likely result in some form of direct or indirect contact of these witnesses by parties other than the defendant’s counsel which could result in intimidation, threats, or physical harm.” Mr. Le again invokes our supervisory jurisdiction to review this ruling. See La. C.Cr.P. art. 912.1- C(1); La. Const, art. V, *1075 § 10(B).[1]
Following oral argument, we grant Mr. Le’s application for a writ of supervisory review. We have reviewed the trial judge’s discovery ruling under a highly deferential abuse-of-discretion standard and find no erroneous application of law. We accordingly deny the relief sought by Mr. Le and affirm the trial judge’s ruling.
We explain our decision in greater detail in the following Parts.

Ji

Because of the pretrial status of this matter, there has not been a full development of the facts surrounding the incident in question. We understand, however, based upon the parties’ submissions in the trial court and to this Court, that the events which[1] gave rise to the pending criminal charges occurred in the predawn hours of June 29, 2014 at the corner of Bourbon Street and Orleans Avenue in the French Quarter. Mr. Le arrived in the French Quarter armed[2] and joined á group of friends, who were previously engaged in activity involving narcotics, at that intersection. The submitted, video recordings then show that crowds were in the area and that panic ensued as gunfire was exchanged. According to the redacted police report, in addition to Ms. Thomas, nine other persons were wounded by bullets.
Forensic evidence suggests that at least two different types of firearms were discharged during the confrontation. The police have identified Mr. Le as one of the shooters, and Mr. Le doe,s not dispute that he fired a weapon. The identity of another person, who is clearly visible in the submitted video firing a weapon, has never been determined and, according to the district attorney, is the unknown male victim identified in the indictment. We also understand that Mr. Le intends to justify his use of the weapon as acting either in self-defense or in the defense of others.
JJ[1]
In this Part we review Articles 718 and' 729.7 of the Louisiana Code of Criminal Procedure and examine operative terms essential for determining the merits of Mr. Le’s application.
A
Articles 718 and 729.7 are both contained in Chapter 5 of Title XXIV of the Louisiana Code of Criminal Procedure, which controls pretrial discovery. Article 718 is contained in Part A of Chapter 5 relative to discovery by the defendant, while Article 729.7 is contained in Part C relative to the regulation of that' discovery. See Le, 15-0014, pp. 4-5, 165 So.3d at 245.
Article 718 was amended and Article 729.7 was codified in connection with a recent comprehensive revision of Chapter Five.[3] .See 2013 La. Acts, no. 250. Fol *1076 lowing the revision, both articles became effective for cases filed after December 31, 2013. See ibid. See also Le, 15-0014, p. 5, 165 So.3d at 245. This comprehensive legislation originated in the Louisiana House of Representatives as House Bill no. 371. See Louisiana State Legislature, 2013 Regular Session, House Bill no. 371, http://wvw.legis.la.gov/Legis/Vtew Document.aspx?d=833957 (last visited May 26, 2015). And testimony before the House Committee on the Administration of Criminal Justice on May 1,.2013 indicates that this revision was the result of a collaborative process between the Louisiana Association of Criminal Defense Lawyers, the Louisiana District Attorney’s Association, and the Louisiana Law Institute.
In amending Article 718, the legislature for the first time [4] authorized a defendant, during pretrial discovery, to inspect and copy “law enforcement reports created and known to the prosecutor made in connection with that particular case.... ” La. C.Cr.P. art. 718. The broadened discovery rights granted in this revision, including those in Article 718, were at the same time, however, limited by the enactment of Article 729.7. See 2013 La. Acts, no. 250.
Article 729.7 “modified the procedure for disclosure of a witness known to the state and made known to the [district attorney] in written form.” Le, 15-0014, p. 6, 165 So.3d at 246. Article 729.7 A provides: “Notwithstanding any other provision of law to the contrary, the district attorney or the defendant may delete" or excise from any information required to be disclosed | (¡herein any information which identifies a witness if such party believes the witness’s safety may be compromised by the disclosure.” Article 729.7 thus permits, as here, the district attorney to excise from a law enforcement report the identifying information of any witness to a crime, including those whom the district attorney does not intend to testify at trial, if the district attorney believes that the witness’s safety may be compromised by the inclusion of such information in the report.
To properly object to an excision or deletion, an opposing party must file a written motion requesting the disclosure of the document in unredacted form. See La.C.Cr.P. art. 729.7 A. See also Le, 15-0014, p. 6, 165 So.3d at 244. The trial judge, in order to find that a deletion was proper, must conduct an ex parte hearing in chambers, which is recorded and maintained under seal. See La.C.Cr.P. art. *1077 729.7 A. See also Le, 15-0014, p. 8, 165 So.3d at 246. The rules óf evidence “shall not be applicable to the[se] ex parte proceedings _” La.C.Cr.P, art. 729.7 D. At this hearing, the redacting party must “disclose its reasons on the record why the deleted and excised portions of the document should not be disclosed. The recording of the proceedings and the unredacted document shall thereafter be retained under seal.” Le, 15-0014, p. 7, 165 So.3d at 246.
The trial judge shall “maintain the deletion or excision if ... the party excising or deleting such information makes a prima facie showing that the |7witness’s safety may be compromised by .the disclosure.”[5] La.C.Cr.P. art. 729.7 A (italics added). In the event the trial judge concludes that the redacting party has not made a sufficient prim a facie showing to support the deletion of the witness’s identifying information, then the trial judge, upon motion ,of either party, shall grant an automatic stay of all matters related to the disclosure of the witness’s information and maintain all proceedings under seal while the moving party seeks the supervisory review of appellate courts, including the Louisiana Supreme Court. See La.C.Cr.P. art. 729.7 C.
B
In this Part we examine the prima facie showing required to be made by the redacting party under Article 729.7 arid then discuss the legal precepts that guide a district judge’s determination of the sufficiency of a showing under that standard.
When House Bill no. 371 was proposed, Article 729.7 was initially designated as Article 716.1 and contained in Part A of Chapter Five, which,-'as previously stated, addresses pretrial discovery by' the defendant. See Louisiana State Legislature, 2013 Regular Session, House Bill no; 371, http://www.legis.la.gov/Legis/View Document.aspx?d=833957 (last ..visited May 26, 2015). Significantly,- proposed Article 716.1 A indicated that the “court shall maintain the deletion or excision if, at an ex parte proceeding which shall be recorded and, maintained under seal,; the state establishes probable pause to believe |Rthe witness’s safety may be compromised by the disclosure.” See ibid, (emphasis added).
The House Committee on the Administration of Criminal Justice relocated proposed Article 716.1 to Part C of Chapter Five, which, as previously stated, addresses the regulation of pretrial discovery; and re-designated the original article as Article 729.7. See Louisiana State Legislature, 2013 Regular Session, Engrossed House Bill no. 371, http://www.legis.la.gov/Legis/ ViéwDocument.aspx? d=844000 (last visited May 26, 2015). Most importantly, the Committee amended the article to impose upon the redacting party the requirement of making a prima facie showing in support of maintaining the redaction. See ibid. This • revision to require a prima facie showing in support of the deletion, rather than one of probable cause, reflects a legislative intent to increase the redacting party’s burden of proof. See State v. $144,320.00, 12-0466, p. 13 (La.12/4/12), 105 So.3d 694, 703 (defining probable cause as “reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion”)(italics added); *1078 La. C.E. art. 302 cmt.(b) (noting that the “term ‘burden of proof is generally used as .encompassing both the burden of persuasion and the burden of producing evidence!’). <
A prima facie showing has only been defined in our criminal jurisprudence with respect to the creation of permissive presumptions. See State v. Lindsey, 491 So.2d 371, 376 (La.1986) (“ ‘[P]rima facie evidence’ is generally defined by statute as that which suffices for the proof of a particular fact until contradicted and overcome by other evidence. Such evidence is not conclusive, but is merely sufficient as proof until or unless contradicted and overcome by other evidence.”) (italics added, punctuation omitted). Permissive presumptions, however, operate on the assumption that an opposing party will be permitted . to thereafter rebut the ^evidence creating that presumption. Therefore this definition of a prima facie showing, does not appropriately apply to the ex parte proceedings undertaken pursuant to-Article 729.7 in which the party challenging the deletion will not be present to contradict the claims of the redacting party. As a result, we look to the same burden from a well-known civil proceeding — a confirmation of a default judgment, a proceeding, like here, in which the opposing party is not present.
Confirmation of a .default judgment requires “ ‘proof of the demand sufficient' to establish a prima facie case.’ ” See Arias v. Stolthaven New Orleans, L.L.C., 08-1111, p. 7 (La.5/5/09), 9 So.3d 815, 820 (quoting La. C.C.P. art. 1702 A). “The elements of a prima facie case are established with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant.” See id. (italics added). “In other words, the plaintiff must present competent evidence that convinces.the court that it is probable that he would prevail at trial on the merits.’.’ See id. (citations omitted).
Applying the burden of this analogous procedure to the prima facie showing required under Article 729.7, we hold that the redacting party must establish through the introduction of sufficient evidence (as specially provided by Article 729.7 D), that the disclosure of identifying information of certain witnesses to that particular opposing party may compromise the safety of those aforementioned witnesses. See La. C.Cr.P. art. 729.7 A. The district judge, examining this evidence at the ex parte proceeding, must then find the redacting party’s showing sufficiently compelling to hold that, had the opposing party been present to rebut that evidence, he would nonetheless have probably ruled in the redacting party’s favor.
_bC
We next examine the use of “may be compromised” in Article 729.7 A and-discuss the showing that must be made by the redacting party to maintain the excision of the identifying information of a "witness.
Article 729.7 and the other articles contained in Chapter 5 do not provide a definition of the term “compromise.” Our examination of Louisiana’s statutory law has revealed several other instances in which the words “compromise” or “compromised” have been used in a similar sense;[6] we *1079 have not, however, uncovered a definition of the term contained in those statutes or in the jurisprudential interpretation of those statutes..
The Merriam-Webster Online Dictionary defines this usage of “compromise” as: “1) to expose to suspicion, discredit, or mischief; 2) to reveal or l^expose to an unauthorized person and especially to an enemy; and 3) to cause the impairment of.” http://www.merriam-webster.com/ dictionary/compromise (last visited May 26, 2015). Similarly, the Merriam-Webster’s Third New International Dictionary defines this usage accordingly: “to put in jeopardy; endanger (as life, reputation, or dignity) by some act that cannot be recalled; expose to suspicion, discredit, or mischief.” Merriam-Webster’s Third New International Dictionary 468 (3rd ed.1976). As we are discussing the potential compromising of a witness’s safety in Article 729.7 A, “to cause impairment of’ is proper to define the term., .
“May,” as used in Article 729.7 A, is a modal verb of present or future'possibility. See also Black’s Law Dictionary 1127 (10th ed.2014). Thus, a deleting or excising party..must show that there exists a causal relationship between the disclosure of identifying, information of any witness to an opposing party and the resulting possibility, albeit only a possibility, that the witness’s safety will be impaired thereafter.
D
In determining whether a redacting party has made a sufficient prima facie showing, under Article 729.7, a district judge determines whether the redacting party introduced sufficient evidence at the ex parte proceedings[7] to establish that *1080 a 112causal relationship exists between the disclosure of identifying information of witnesses to an opposing party and the mere possibility that those witnesses’ safety will be impaired thereafter.
“This is a matter which requires delicate balancing of the rights of the defendant to full and complete disclosure of exculpatory materials against the societal interest in protecting innocent witnesses who voluntarily come forward to testify.” State v. Miller, 03-0796, p. 2 (La.6/4/03), 848 So.2d 529, 530 (per curiam). “Often it is only through witnesses who are voluntarily willing to come forward that the truth can be determined at trial. There is a tremendous societal interest in protecting citizens from danger and the fear of retaliation for doing what any good citizen should do.” Id.
In making this determination, the district judge should “consider all relevant factors.” Id. See also United States v. Celis, 608 F.3d 818, 830 (D.C.Cir.2010) (noting that the U.S. Supreme Court has also addressed disclosure issues on a case-by-case basis). Prior to the enactment of Article 729.7, the Supreme Court, in Miller, considered the issue of withholding identifying information of witnesses and directed district judges, in making their determinations, to utilize many of the same factors considered when determining bail or pretrial detention. See 03-0796, p. 2, 848 So.2d at 530 (referencing La.C.Cr.P. art. 334). The factors listed in Article 334, in relevant part, include: the seriousness of the offense charged, including but not limited to whether the offense is a crime of violence or involves a controlled dangerous substance, the weight of the evidence against the defendant, 11sthe previous criminal record of the defendant, the nature and seriousness of the danger to any other person or the community, the defendant’s voluntary participation in a pretrial drug testing program, the absence or presence of any controlled dangerous substance in the defendant’s blood at the time of arrest, and any pending felony charges for which the defendant is awaiting institution of prosecution, arraignment, trial, or sentencing. The Supreme Court further considered “any evidence which establishes the defendant attempted to threaten any witnesses, the seriousness of any such threat, and the defendant’s ability to cany out such a threat.” Miller, 03-0796, p. 2, 848 So.2d at 530.
Federal cases involving the empaneling of an anonymous jury also offer useful factors for district judges to consider when making this determination due to the com *1081 monalities in concern for both juror and witness safety. These factors include: the defendant’s involvement in organized crime; the defendant’s participation in a group with the capacity to harm; the defendant’s past attempts to interfere with the judicial process; the potential that, if convicted, the defendant will suffer a lengthy incarceration and substantial monetary penalties; and the extensiveness of the publicity of the matter that could result in the names being made public and expose those in need of protection to intimidation and harassment. See United States v. Dinkins, 691 F.3d 358, 373 (4th Cir.2012) (quoting United States v. Ross, 33 F.3d 1507, 1520 (11th Cir.1994)). See also United States v. Ochoa-Vasquez, 428 F.3d 1015, 1034 (11th Cir.2005); United State v. Shryock, 342 F.3d 948, 971 (9th Cir.2003); United States v. Brown, 303 F.3d 582, 602 (5th Cir.2002).
| i/The above-listed factors, while extensive, are not exhaustive, and district judges may, and should, consider any other appropriate argument presented during the ex parte hearing by the redacting party-
IV
We review a trial judge’s ruling to maintain a redacting party’s deletion or excision of a witness’s identifying information under an abuse of discretion standard. See State v. Walters, 408 So.2d 1337, 1340 (La.1982)[8] (“[U]nless contrary to law, rulings of the trial judge in pretrial matters are generally shown great deference by this Court absent a clear showing of abuse of discretion.”) (punctuation omitted). See also Le, 15-0014, p. 6, 165 So.3d at 246 (noting in an earlier decision in this matter that the district judge’s ruling shall be renewable by supervisory writ application and reviewed for abuse of discretion). We defer to a trial judge’s ruling- under an abuse of discretion standard unless we find that the trial judge’s determination is based upon an erroneous application of the law or clearly, erroneous assessment of the evidence. See State v. Farrier, 14-0623, p. 7 (La.App. 4 Cir. 3/25/14), 162 So.3d 1233, 1240 (citing State v. Hampton, 13-0580, p, 2 (La.App. 4 Cir. 2/19/14), 136 So.3d 240, 242-43). See also State v. Manning, 03-1982, p. 7 (La.10/19/04), 885 So.2d 1044, 1061; State v. Landrum, 307 So.2d 345, 349 (La.1975); State v. Brumfield, 13-1171, p. 7 (La.App. 4 Cir. 1/15/14), 133 So.3d 70, 75; Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).
We review the district judge’s application of law de novo. See State v. Wells, 08-2262, p. 4 (La.7/6/10), 45 So.3d 577, 580; State v. Eberhardt, 13-2306, p. 4 (La.7/1/14), 145 So.3d 377, 380. And we grant great deference to the factual findings of the district judge and will “not overturn those findings unless there is no evidence to support those findings.” Wells, 08-2262, p. 4, 45 So.3d at 580. This extremely heightened deference is rooted in the limitations of our appellate jurisdiction set forth in La. Const, art. V, § .10(B), which provides: “In criminal cases, [an appellate court’s] jurisdiction extends only to questions of law.”
Our review of a district judge’s ruling on a motion under Article 729.7, however, is complicated by the nature of the proceedings. As a ruling is handed down follow *1082 ing an ex parte hearing in which the transcript of that hearing and the unredacted document in question are maintained under seal, it would be improper for the district judge to make extensive factual findings on the record as those findings could substantially undermine the purpose of the entire proceeding — the protection of information that may identify-a witness.
We have reviewed the law enforcement report and transcripts of the ex parte hearings under seal and are satisfied that the district judge’s assessment of the evidence was not clearly erroneous. Our review of the transcript of the district judge’s ruling also confirmed that no error of law was committed in his decision! The district judge began by clearly stating the law to be applied in this matter, including a brief and proper. explanation of prima facie showings. He then explained that during the ex parte proceedings the district attorney had introduced sufficient evidence to make a prima facie showing that the “disclosure of witnesses’ information will more [than] likely result in some form of direct or indirect contact of these witnesses by parties other than the defendant’s counsel |lfiwhich could result in intimidation, threats, or physical harm.” The district judge therefore found a causal relationship between the disclosure of identifying information of witnesses to Mr. Le and the possibility that those witnesses’ safety may be impaired thereafter.
DECREE
Having reviewed the transcripts and materials under seal, we find that the district judge did not abuse- his discretion in maintaining the district attorney’s excision of witnesses’ identifying information in the law enforcement report disclosed to Mr. Le. We accordingly affirm the trial judge’s ruling to maintain the district, attorney’s deletion. The transcripts of the ex parte hearings and the law enforcement report are to remain under seal as a permanent part of -this record.
WRIT GRANTED; RULING AFFIRMED
BELSOME, J., dissents with reasons.

.If the trial judge had granted Mr. Le’s motion and found that the district attorney had failed to make a sufficient prima facie showing, Article 729.7 C provides that a trial judge, upon motion of either party, shall grant an automatic stay of all matters related to the disclosure of a witness’s information and maintain all proceedings under seal while the moving party seeks the supervisory review of appellate courts, including the Louisiana Supreme Court. See Part II-A, post.

. Mr. Le’s counsel suggests that Mr. Le was lawfully in possession of his firearm.

. Articles 718 and 729.7 neither vitiate the responsibility of prosecutors to disclose exculpatory evidence to the defendant under Brady, nor absolve defense attorneys from the obligation to conduct their own investigation and prepare a defense for trial. See, e.g., State v. Harper, 10-0356 (La.11/30/10), 53 So.3d 1263. Our remand instructions to the trial judge were limited to directing that he c.on- *1076 duct the ex parte hearing as required by Article 729.7 A, which is restricted to determining whether a witness’s safety may be compromised by the disclosure of identifying information. See Le, 15-0014, p. 8, 165 So.3d at 245, ("At the ex parte proceeding, the state shall be required to make a prima facie showing why the remainder of the sought documents should not be disclosed to the defense.”) (punctuation omitted). Our remand instructions did not extend to directing that the trial judge examine the prosecutor's files for exculpatory material or that he make further inquiry of a particularized need by the defendant for the disclosure of witnesses’ identities. See, e.g., Harper, 10-0356, pp. 10-13, 53 So.3d at 1270-72 And, on that account, the trial judge appropriately did not undertake a review of the prosecutor’s files but limited the ex parte hearing to the specified purpose allowed by Article 729.7 A. Thus, to be clear, our decision, like that of the trial judge, does not involve any assessment of whether the disclosure of the now-concealed identities of the witnesses may otherwise be required of the prosecution. Additionally, the prosecutors have affirmatively stated on the record that they are not in possession of any Brady evidence that has yet to be disclosed to Mr. Le.

." But also see La. R.S. 44:3 A(4)(a) (providing that an initial police report is a public record that is required to be disclosed when a request to examine such documents is properly made) and Brown v. Serpas, 12-1308 (La.App. 4 Cir. 3/20/13), 112 So.3d 385.

. Although not at issue in this matter, ‘‘[i]f the information excised by a party includes the substance, or any part thereof, of any written or recorded statement of the witness, that party must provide the excised substance, or any part thereof, to the other party immediately prior to the witness’s testimony at the trial.” La.C.Cr.P. art. 729.7 B. Notably, as the prosecution has pointed out, no portion of any witness's statement has been redacted from the law enforcement report in this matter,

. See, e.g., La. R.S. 37:3520 B(3) (“It shall be unlawful for any private investigator know- ’ ingly to ... [d]ivulge to anyone, other than his employer, or to such persons as his employer may direct, or as may be required by law, any information acquired during such employment that may compromise 'the employer ’ or' assignment to which he has been assigned by such employer.”); Rule XXXIII, Pt. Ill, Subpt, II, Std. 6, Rules of the Su *1079 preme Court of Louisiana (“Counsel for a child shall not reveal the-basis of the request for appointment of a Court Appointed Special Advocate which would compromise the child's position.”); La. R.S. 37:3291 B(7) ("It shall be unlawful for any person to knowingly ,.. [d]ivulge to anyone, other than his employer, or to such persons as his employer may direct, or as may be required by law, any information acquired during such employment that may compromise the security of any premises or assignment to which he shall have been assigned by such employer."); La. R.S. 40:1299.35.9 A(1) ("Any person has the right not, to participate in, and no person shall be required to participate in any health care service that violates his conscience to the extent that patient access to health care is not compromised.”); La. R.S. 29:726.3 C(2)(c) on the Louisiana Homeland Security and Emergency Assistance Disaster Act’s Critical Incident Planning and Mapping System ("For purposes of this Subsection, ‘known hazards’ shall include any hazard that might compromise the physical structure of the building or its occupants, creating an emergency situation requiring a response from first responder organizations such as local fire, emergency medical services, or law enforcement.”); La. R.S. 33:9106.2 A regarding improvements to the Orleans Parish Communication District ("Many facilities utilized by the Orleans Parish Communication District, created pursuant to Act 155 of the 1982 Regular Legislative Session, and much equipment necessary for the reception of 9-1-1 emergency telephone calls-, along with the dispatching of emergency responders, was damaged and greatly compromised by Hurricane Katrina, thus endangering the health and well-being of the citizens Of Orleans Parish.”); La. R.S:. 38:301 A(4) (“Levee boards- or levee and drainage boards, or the governing authority where a levee district does not exist, may allow the public to utilize for recreational purposes as long as the structural integrity of the levee or flood. control structure is not compromised, levees under the jurisdiction of the board, or by the governing authority where a levee district does not exist, and may construct or permit bicycle paths and walkways.”) (all emphases added).

. Counsel for redacting parties must be mindful of ethical and professional obligations arising in the special circumstance permitted by Article 729.7. Ex parte communication between counsel and judge are generally prohibited, by both Rule 3.5(b) of the Louisiana State Bar Association’s Rules of Professional *1080 Conduct and Canon 3A(6) of the Louisiana Code of Judicial Conduct. See 21 Frank L. Maraist, et al, La. Civ. L, Treatise 20.1 (2014). Such communication is ordinarily prohibited in order to protect the sanctity of our adversary system of law. See generally Roberta K. Flowers, An Unholy Alliance: The Ex Parte Relationship Between the Judge and Prosecutor, 79 Neb. L.Rev. 251 (2000). Article 729.7, however, provides an exception and permits such communication in order to ensure witness safety. Vigilance on the part of counsel and the district judge must be exercised to limit such communication strictly to the purpose of the hearing. In an ex parte proceeding, counsel should also “inform the tribunal of all material facts known ... whether or not the facts are adverse.” See Rule 3.3(d), Louisiana Rules of Professional Conduct. Misconduct with regards to ex parte communication can result in disciplinary action being taken against both counsel and the district judge. See, e.g., In re Beck, 13-0265 (La.3/28/13), 109 So.3d 897; In re Boothe, 12-1821 (La.1/29/13), 110 So.3d 1002. Notably, should an appellate court’s review of the transcripts under seal reveal any such impermissible communication, the judges would be obliged to inform the appropriate disciplinary bodies of the transgression. See Rule 8.3, Louisiana Rules of Professional Conduct; Canon 3(B)(3), Code of Judicial Conduct.

. The "discretion ... of the trial judge to grant the defense motion for discovery of the names and addresses of witnesses interviewed by the state, or not to do so, includes as an alternative the right to place restrictions or limitations on a discovery order favorable to the defense, in order to minimize or avoid any oppressive consequences to the state.” Walters, 408 So.2d at 1340 n. 4.