LOVE, J.,
CONCURS IN PART AND DISSENTS IN PART
hi respectfully concur in part and dissent in part. I agree with the majority’s decision to remand the case to the trial judge to: (1) conduct an in camera examination of Calvin Hughes and Witnesses Three, Four, and Eight; and (2) inspect in camera the recorded interviews of Witnesses Three, Four, Six, and Two as well as the recorded jailhouse phone calls of inmate, Witness Eleven. Insofar as the majority affirms the trial court’s ruling ordering the State to produce to Mr. Johnson the unredacted police report, I join the majority. However, I disagree in part with the majority’s instructions on remand that in producing an unredacted police report the State shall redact the identifying information of Witnesses Three, Four, and Eight, pending in camera examinations. Further, I would affirm the trial court’s ruling ordering the State to produce the contact information of the two witnesses in the notice of disclosure. For the reasons that follow, I concur in part and dissent in part.

Police Report

First,- the State is correct in that the 2013 amendments, giving effect to our current discovery rules, do not apply in this case. The State argues, therefore, that Mr. Johnson may not challenge the State’s redaction. Nevertheless, the State tacitly relies on the newly enacted La. C.Cr.P. art. 729.7 for the complete deletion of personal information of all non-State witnesses included in the police report. In State v. Williams, 15-1074, p. 8, unpub. (La. App. 4 Cir. 10/20/15), this Court noted that though La. C.Cr.P. art. 729.7 does not apply to cases prior to January 1, 2014, it could be used for guidance. I find that La. C.Cr.P. art. 729.7 simply codifies what our jurisprudence previously recognized, providing now the statutory authority for redactions and challenges to those redactions. Although the trial court erred in applying La. C.Cr.P. art. 729.7 in this case, I find no error in using it as guidance in the consideration of Mr. Johnson’s challenge to the redacted police report.
*623 In State v. Miller, 03-0796 (La. 6/4/01), 848 So.2d 529, the Supreme Court held that the disclosure of witness’ identity will be required only when it is essential for the defendant to have a fair trial. See also State v. Harper, 10-0356, p. 10 (La. App. 4 Cir. 11/30/10), 53 So.3d 1263, 1270 (“Louisiana jurisprudence has also consistently held a defendant is generally not entitled of right to the names, addresses, and telephone numbers of witnesses in the absence of extraordinary circumstances”). Harper noted that . .regardless of whether the evidence was material or even exculpatory, when information is fully available to a defendant at the time of trial and his only reason for not obtaining and presenting the evidence to the Court is his lack of reasonable diligence, the defendant has no Brady claim.” Id., 10-0356, p. 11, 53 So.3d at 1271 (internal citations omitted). Jurisprudence, prior to the 2013 amendments, demonstrates that “witness” under La. C.Cr.P. art. 723 refers only to State witnesses—those witnesses that the State intends to call at trial.
The trial court noted in this case that “the State has not proclaimed in any hearing that [the remaining individuals listed in the police report] are State witnesses and thereby in need of protection.” Nor, has the State indicated to this Court that it intends to call these remaining individuals listed in the report as State witnesses. Furthermore, while identities and personal information relating to ^witnesses the' State intends to call at trial must be protected, the State concedes that it also redacted personal information of non-State witnesses. Yet, when the trial court asked the State for an explanation for the redaction of non-State witnesses it failed to provide one. The State only maintains that all witnesses, State or not, should be redacted.
The trial' court noted that sixteen witnesses were excised from the police report and were assigned numbers. The trial court deemed the report “virtually worthless.” The court further found that the State’s offer to give the “stuff’ over without a court order one week before trial is “insufficient” given the number of interviews and recordings. Defense counsel contends that his ability to develop a misiden-tification defense is compromised in a case over three years old, where counsel was hired years after the incident, and all that is provided is a redacted police report with witnesses identified solely by numbers. Therefore, the trial court reasoned that because the State has indicated it has no intention of calling thé redacted eyewitnesses at trial, and it has not indicated that producing the personal information poses a threat to the witnesses’ safety, fundamental fairness requires the State to provide Mr. Johnson with an unredacted police report.
While I agree with the majority in affirming the trial court’s order requiring the State to produce the unredacted police report, I disagree with its instructions on remand to redact Witnesses Three, Four, and Eight’s identifying information, pending in camera examination. Given the State does hot intend to call to testify at trial any of the witnesses enumerated in the police report[1] Witnesses Three, Four, and Eight constitute non-State witnesses. Therefore, the State is not entitled to redact their information from the report. Even if' the trial court deems Witnesses Three, Four, and Eight do not possess Brady material helpful to Mr. Johnson’s Ddefense, the State has demonstrated no intent to call these witnesses at trial. Ac *624 cordingly, I would order the State to provide Mr. Johnson the unredacted police report that previously excised the identifying information of all witnesses.,

Notice of Disclosure

Furthermore, I disagree with vacating part of the trial court’s judgment,' which ordered the State to provide Mr. Johnson with the contact information of the two witnesses not contained in the police report, but which were included in the notice of disclosure.
First, the State’s writ application and notice of, intent fail to provide an adequate representation of the pleadings Mr, Johnson filed and the trial court’s subsequent rulings. It is unclear looking at the State’s notices of intent from which of the trial court’s rulings'the State seeks relief. This point is compounded by the fact that the State’s writ application does .not comply with Uniform Rules 2-12.4(A)(5) and 4-5, requiring the State, to enumerate .its alleged assignments of error. The State asserts only that the issue presented is “whether, the , trial court erred when it ordered the State to provide the defendant with the names and personal information, including addresses, of various civilians who spoke to police and/or prosecutors.” Defense counsel filed several motions relating to disclosure , of witness information and evidence, and the trial court issued several rulings. The State’s vague notices: of intent and the issue presented make it difficult to determine precisely from what rulings the State seeks review.
I raise the foregoing issue because my appreciation of the record differs from the majority. The majority concludes that because Mr. Johnson’s motion only referenced Mr. Hughes, Mr. Johnson abandoned any claim that he was also entitled to the unidentified family member’s contact information; and therefore, the trial court incorrectly rendered judgment on this issue. The majority reaches this conclusion based on its finding that the unnamed witnesses referenced in Mr. | ^Johnson’s August 2015 motion for eviden-tiary hearing and limited bill of particulars “are two different people than the two people in the Notice of Disclosure.” (emphasis in original). In essence, the majority concludes there are at least four different witnesses that the State independently developed, that were not part - of the police report, and that the State notified defense of. '
Respectfully, I disagree with the majority in that I find there are only two witnesses which Mr. Napoli independently developed in this case—the unidentified family member and Mr. Hughes-—and which are the subject of dispute. As noted above, the writ -application is- confusing and unclear in some respects; however, the procedural history .and transcripts of the proceedings .below show Mr. Johnson sought the disclosure of the identifications and contact information of both witnesses as well as the circumstances surrounding the State’s independent development of them as witnesses and any deals that the State may have offered them.[2] Both sides *625 specifically argued the merits of Mr. Johnson’s previously filed motion for evidentia-ry hearing and limited bill of particulars as it related to the (previously) two unnamed witnesses. Additionally, the trial court reiterated in the per curiam, that its ruling ordered the contact information of the “two witnesses not contained in the police report” but which were included in the notice of disclosure.
Aside from Mr. Hughes and the unidentified family member, there is no | fievidence that Mr. Napoli independently developed an additional two witnesses which were not contained in the police-report and which were inexplicably absent from its notice of disclosure. Because the State reduced to writing Mr. Napoli’s assertion in open court that it intended to call at trial other -identification witnesses as a result of Mr. Johnson’s motion for evidentiary hearing and limited bill of particulars, I find the notice of disclosure and Mr. Johnson’s evidentiary hearing motion refer to the same two witnesses. Therefore, I find Mr. Johnson did not waive this issue. Finding it was properly raised and the trial court was correct to issue a ruling on the matter, I disagree with the decision to vacate the trial court’s ruling as'to the “unidentified family member contained in the Notice.”
With respect to Mr. Hughes, I agree that the matter should be remanded for an in camera examination of Mr. Hughes. This Court does not have the benefit of reviewing the statement Mr. Hughes gave to the State in this case. In Harper, the Supreme Court found an in camera procedure inapplicable because the State disclosed to the defendants the identity of the witnesses and- all information relative to the claim that their statements may be exculpatory including the police report, the witnesses’ statements, and their RAP sheets. Harper, 10-0356, p. 15, 53 So.3d at 1273. Only with respect to the' State providing Mr. Johnson with Mr. Hughes’ name is this case similar. The State, unlike it did in Harper, has- not provided Mr. Johnson with Mr. Hughes’ statement.
Moreover, the State conceded that both witnesses' in its notice of disclosure will testify at trial. Louisiana jurisprudence demonstrates that- “while-witness, statements-are normally not discoverable, this discovery rule must give way when a Statement' contains favorable information for Brady purposes.” State v. Godfrey, 08-828 (La. App. 3 Cir. 2/18/09), 4 So.3d 265; As the majority notes, “[w]hen the State’s case hinges on the testimony of one eyewitness, the Brady violation looms larger.” State v. Bright, 02-2793, p. 9 (La. 5/25/04), 875 So.2d 37, 43-44.
17Given this case appears to rest heavily on eyewitness identification. of the perpetrator and Mr. Hughes’ statement differs from other eyewitnesses (who ’ were not able to identify Mr. Johnson as the shooter in a photo-lineup), remanding for an in camera examination of Mr. Hughes will better determine whether he possesses or has access, to- any evidence which may be exculpatory. Moreover, the trial judge is in a better position to evaluate the matter which “requires a delicate balancing of the rights of the defendant.. .against the societal interest in protecting innocent witnesses who voluntarily come forward to *626 testify.” State v. Miller, 03-0796, p. 2 (La. 6/4/03), 848 So. 2d 529.”

Motion to Produce under La. C.Cr.P. art. 718

Finally, I agree that the matter should be remanded an in camera inspection of the recorded interviews of Witnesses Three, Four, Six, and Two as well as the recorded jailhouse phone calls of inmate, Witness Eleven.
. For these reasons, I respectfully concur in part and dissent in part. I agree with the majority’s decision to remand in order for the trial judge to conduct, an in camera examination of Mr. Hughes and Witnesses Three, Four, and Eight. I also agree in the decision to remand in order for the trial judge to inspect in camera the recorded interviews of Witnesses Three, Four, Six, and Two as well as the recorded jailhouse phone calls of inmate, Witness Eleven. I join the majority insofar as it affirms the trial court’s ruling ordering the State to produce to Mr. Johnson the unredacted police report. However, I disagree in part with the majority’s instructions on remand that in producing an unredacted police report the State shall redact the identifying information of Witnesses Three, Four, and Eight, pending the in camera interviews. Further, unlike the majority, I would affirm the trial court’s 'ruling ordering the State to produce the contact information of both witnesses referenced in the notice of disclosure. Accordingly, I concur in part and dissent in part.

. It appears from the record that Witness Two is the only witness included in the police report that the State has indicated any intent to call at trial.

. The procedural history indicates that: (1) Mr, Napoli stated in open court that he intended to call at trial "other identification witnesses” he had independently developed; (2) Mr. Napoli’s assertion promulgated defense to file a motion for evidentiary hearing on identification of unnamed witnesses and limited bill of particulars in an effort to "flesh out” the State’s assertion; (3) a month after defense filed said motion, the State reduced to writing what Mr. Napoli previously intended to communicate to the trial court and defense in open court; (4) the only filing in the record reflecting Mr. Napoli's previous assertion in open court is the State’s notice of disclosure, which indicated Mr, Napoli independently developed two witnesses—one whom the State identified, presumably for the first time, as *625 Calvin Hughes and an unidentified family member of the victim; and, (5) after the State provided Mr. Hughes’ name defense filed a more particularized motion relative to Mr. Hughes; however, Mr. Johnson did not abandon his previous motion because at the hearing he re-urged his motion for the disclosure of the contact information and the circumstances surrounding Mr. Napoli’s development of Mr. Hughes and the unidentified family member as witnesses, who were not in the police report.