ORDER
11 Writ granted. La. Code Crim. Proc. Art. 717(B) provides “the district attorney shall also disclose any inducement offered by the district attorney to any state witness.” (Emphasis added.) Moreover, “Brady [v. Maryland. 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)] requires the disclosure of evidence concerning a promise of leniency or immunity to a material witness in exchange for his testimony at trial.” Giglio v. United States. 405 U.S. 150, 154-155, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972) (Emphasis added.). However, “Brady is not a rule of discovery designed to help defendants decide tactical questions. . .The purpose of the Brady rule is to insure that defendants receive their constitutional right to a fair trial guaranteed by the due process clause, a trial in which the trier of fact has before it all available material exculpatory evidence.” State v. Bazile, 2012-2243, p. 18-19 (La. 5/7/13), 144 So.3d 719, 733 (Emphasis added.) “[EJvidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.” U.S. v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985). “A ‘reasonable probability’ is a probability‘sufficient to undermine confidence in the outcome.” State v. Rosiere, 488 So.2d 965, 970 (La. 1986), Thus, due process requires the prosecution disclose anything .that might undermine the outcome of a trial.
Applying the law, the record before us indicates that the codefendants to whom the state made plea offers have not accepted those offers. Contrary to the district court’s findings, the district attorney’s plea negotiations with the codefendants as prospective state witnesses are not material evidence as it does not establish bias. Thus, while the district court is correct that disclosure of any inducements made to a codefendant is appropriate, the disclosure is conditioned on the codefendant testifying for the prosecution.
Furthermore, La. Code Crim. Proc. Art. 717(C) provides the district attorney shall not be required to disclose any inducements made to a state witness prior to the commencement of trial, unless the witness is called to testify on rebuttal and then it shall be disclosed immediately prior to the witness being sworn in. Therefore, the district court erred ordering disclosure by the district attorney ten (10) days prior to trial.
Accordingly, the ruling of the district court is amended in accordance with this order. The case is remanded for further proceedings.