STATE OF LOUISIANA

NO. 22-K-255

VERSUS

FIFTH CIRCUIT

TERRAZ WHITE

COURT OF APPEAL

STATE OF LOUISIANA

June 27, 2022

Mary E. Legnon
Chief Deputy Clerk

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Mary E. Legnon
Interim Chief Deputy, Clerk of Court

**IN RE** STATE OF LOUISIANA

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-THIRD JUDICIAL DISTRICT COURT, PARISH OF ST JAMES, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE CODY M. MARTIN, DIVISION "B", NUMBER 8,300

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois

## WRIT GRANTED; ORDER VACATED; REMANDED; STAY DENIED

In this writ application, the State seeks review of the district court's May 3, 2022 ruling ordering it to disclose the un-redacted statement of a witness five days prior to the commencement of trial. For the following reasons, we grant the writ, vacate the district court's May 3, 2022 ruling, and remand the matter for further proceedings consistent with this disposition. Further, the State's request for a stay is denied as moot.

### *Factual Background and Procedural History*

On or about October 9, 2019, the grand jury indicted defendant, Terraz White, on charges of second degree murder of Terrance Johnson, a violation of La. R.S. 14:30.1, and attempted second degree murder of Thaddeus Williams, a violation of La. R.S. 14:27 and La. R.S. 14:30.1.[1] On November 7, 2017, defendant pled not guilty.

According to the record, on September 9, 2020, defense counsel "joined in" on the motion for disclosure of deleted/excised information filed by counsel for co-defendant, Terrance Davis, Jr. At the district court's request, defense counsel provided copies of the un-redacted and redacted statement for its review, and the matter was taken under advisement. On October 7, 2020, in response to defendants' motion, the district court conducted an *ex parte* hearing in accordance

---

[1] The indictment reflects that there are two co-defendants, Nathaniel Leblanc, Jr. and Terrance Davis.

22-K-255

with La. C.Cr.P. art. 729.7, wherein it ordered that the statement of witness 1 was to be provided by the State without redaction, but disclosure of the un-redacted statement of witness 2 would not be ordered at that time.[2]

On January 20, 2021, defense counsel filed a motion objecting to the State's redaction of information. In that motion, pursuant to La. C.Cr.P. art. 729.7, defense counsel requested the district court to order the State to produce three un-redacted statements, identified as "0056-0092 Redacted Witness statement, 0093-0108 Redacted Witness #3 statement, and 0112-0130 Redacted Witness #2 statement." Alternatively, defense counsel asked for a summary of the statements that would not reveal any identifying information. Defense counsel also requested the district court to order the State to disclose the interviews within a reasonable time prior to trial.

According to the official record, the defendant's motion was considered at a hearing held in open court on March 2, 2021. At that time, the district court ordered a second *ex parte* hearing to consider defendant's objection to the State's redaction of information as to Witnesses 2 and 3, and to determine if the redaction should be maintained. In a March 11, 2021 judgment, the district court ruled that defendant's objection was barred by *res judicata* based on the district court's prior October 7, 2020 ruling on the objection, stating that "it is clear from the minutes as well as the transcript in this matter that counsel for defendant joined in the same objection urged by counsel for his co-defendant[.]"

At a status conference held on May 3, 2022, defense counsel made an oral motion re-urging disclosure of the un-redacted statement(s), arguing that the statements were necessary "to at least talk to" defendant about considering taking a plea. Defense counsel requested that the State provide him with the un-redacted statements that day or, alternatively, for the court did set a deadline so he could "have a full negotiation on if there's going to be a plea." In response, the State argued that, pursuant to the express language of La. C.Cr.P. 729.7(B), the State was not required to produce the un-redacted statements until immediately prior to the witness's testimony at trial.

After hearing argument, the district court granted defendant's motion and ordered the State to produce the un-redacted statement(s) to defense counsel five (5) calendar days prior to the commencement of trial, which was then scheduled for June 7, 2022, but thereafter continued. In written reasons for judgment issued on May 24, 2022, the district court explained his ruling, stating:

> Foremost, Defendants have a Sixth Amendment right to confront witnesses against him under the United States Constitution. As noted above, this issue has continually been raised in this case. The Court has also repeatedly held that at some point unredacted witness statement[s] have to be provided to the Defendant. This Court finds that disclosure of unredacted statements five (5) calendar days prior to trial is a reasonable time for disclosure of unredacted witness statements. This gives the Defendant

---

[2] During the *ex parte* hearing, it was determined that there are actually two witnesses, identified as witness 2 and witness 3, and three statements (two of which were provided by witness 2) at issue. It appears that witness 2 may have provided two of the redacted statements. At the hearing, the State indicated that witness 1 may not exist. The State's main concern was the safety of witness 2.

ample time to review the statements in preparation or trial while also not releasing the statement so far in advance as to hinder the safety of the witnesses.

Furthermore, this Court stated in its ruling from the bench that any additional protections for the witnesses would be put in place for the five (5) calendar days prior to trial at the State's request if the Court deemed it necessary. Therefore, this Court ordered the unredacted statements to be disclosed five (5) calendar days prior to trial while also providing for the protection of the witnesses leading up to the trial, which this Court finds complies with requirements and considerations in La. C.Cr.P. art. 729.9 [sic] while considering Defendant's constitutional rights as well as the safety and protection of witnesses.

The State now seeks this Court's review of the district court's ruling.

*Law and Analysis*

A trial judge's ruling to maintain a redacting party's deletion or excision of a witness's identifying information is reviewed under an abuse of discretion standard. *See State v. Walters*, 408 So.2d 1337, 1340 (La. 1982). ("[U]nless contrary to law, rulings of the trial judge in pre-trial matters are generally shown great deference by this Court absent a clear showing of abuse of discretion.") [Punctuation omitted.] *Id.*; *See also Le*, 15-455 (La. App. 4 Cir. 5/27/15), 188 So.3d 1072, 1081, *writ denied*, 15-1260 (La. 9/25/15). We defer to a district court's ruling under an abuse of discretion standard unless we find the district court's determination is based upon an erroneous application of the law or clearly erroneous assessment of the evidence. *Id.*; s*ee also State v. Manning*, 03-1982 (La. 10/19/04), 885 So.2d 1044, 1061.

Louisiana Code of Criminal Procedure article 729.7 is contained in Part C of Chapter 5 of Title XXIV of the Louisiana Code of Criminal Procedure, which pertains to the regulation of pretrial discovery. *See State v. Le*, 188 So.3d at 1075. Article 729.7 was codified in connection with a comprehensive revision of Chapter 5. *See* 2013 La. Acts, no. 250. This revision was the result of a collaborative process between the Louisiana Association of Criminal Defense Lawyers, the Louisiana District Attorney's Association, and the Louisiana Law Institute. Article 729.7 "modified the procedure for disclosure of a witness known to the state and made known to the [district attorney] in written form." *Le*, 188 So.3d at 1076. Article 729.7, entitled "Protection of witness identity," provides:

A. **Notwithstanding any other provision of law to the contrary**, the district attorney or the defendant may delete or excise from any information required to be disclosed herein any information which identifies a witness if such party believes the witness's safety may be compromised by the disclosure. If a party objects to the deletion or excision, he must do so by written motion. The court shall maintain the deletion or excision if, at an *ex parte* proceeding which shall be recorded and

3

maintained under seal, the party excising or deleting such information makes a *prima facie* showing that the witness's safety may be compromised by the disclosure.[3]

B. If the information excised by a party includes the substance, or any party thereof, of any written or recorded statement of the witness, **that party must provide the excised substance, or any part thereof, to the other party immediately prior to the witness's testimony at the trial**.

C. If a judge finds that the party excising or deleting such information has failed to present *prima facie* proof to support the deletion or excision of information related to a witness, then upon the motion of either party, the court shall order an automatic stay of all matters related to the disclosure of information about the witness and maintain all proceedings under seal during the time while the moving party seeks supervisory review to the appropriate reviewing courts with appellate jurisdiction, including the Louisiana Supreme Court.

D. The rule of evidence shall not be applicable to the *ex parte* proceedings conducted pursuant to this Article.

[Italics and emphasis supplied.]

Article 729.7 thus permits, as in the instant case, the district attorney to excise from a statement the identifying information of any witness to a crime, if the district attorney believes that the witness's safety may be compromised by the inclusion of such information. Further, if the information redacted includes the substance of the witness's written or recorded statement, Article 729.7(B) does not require the district attorney to provide the excised or deleted substance, or any part thereof, to the other party until "immediately prior to the witness's testimony at trial."

Here, the district court determined that "five (5) calendar days prior to trial is a reasonable time for disclosure of unredacted witness statements." By so doing, the State argues that, pursuant to the clear and unambiguous language of La. C.C.P. art. 729.7, the district court committed legal error. Specifically, the State argues that once the district court conducted an *ex parte* hearing and found that the State made a *prima facie* showing that witness 2's safety may be compromised if ordered to disclose his or her un-redacted statement, under La. C.Cr.P. art. 729.7 B, the time for the State to disclose witness 2's un-redacted statement to defendant is

---

[3]    Here, the State redacted information from discoverable documents based on its concern for witness safety; in response, defendant followed the appropriate procedure by objecting to the redaction in a written motion. If a district court determines the redaction should be maintained, it must to conduct an *ex parte* proceeding that is to be recorded and maintained under seal, wherein the State must make a *prima facie* showing why the redacted information should not be disclosed to defendant. *State v. Richards*, 18-29 (La. App. 4 Cir. 2/21/18), 238 So.3d 528, 532. Here, defendant did not contest the district court's finding that the State had presented *prima facie* proof that witness 2's safety may be compromised by the disclosure of his or her un-redacted statement(s). At issue is the timing of *when* prior to trial the State must produce the un-redacted statement(s) to defendant.

4

not until "immediately prior" to witness 2's testimony at trial—***not*** five (5) calendar days prior to trial. After reviewing, *in globo*, the criminal discovery articles contained in Chapter 5 of Title XXIV of the Code of Criminal Procedure and the jurisprudence interpreting those articles, we agree.

As a general matter, Louisiana's general discovery rules are intended to eliminate unwarranted prejudice arising from surprise testimony and evidence, to permit the defense to meet the State's case, and to allow a proper assessment of the strength of the State's evidence in preparing a defense. *State v. Brown*, 16-0998 (La. 1/28/22), --- So.3d ---, 2022 WL 266603 *60. However, the prosecution is not required to provide unlimited discovery. La. C.Cr.P. art. 723. The State must comply with the requirements of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct 1194, 10 L.Ed.2d 215 (1963) and its progeny, and the provisions of the Code of Criminal Procedure pertaining to discovery in criminal cases. La. C.Cr.P. art. 716 *et seq*.

Our review of the discovery articles reveals that, regarding the time for a party's disclosure of certain discovery or information, some of the discovery articles require disclosure at a particular time and others, while specifying a time, allow the court discretion to permit a "*reasonable time*" for such disclosure. For example, Article 716(D) provides that the State is not required to provide the defendant with any written or recorded statement of its witnesses until "**immediately prior to the opening statement at trial**." Similarly, Article 717(C) provides that "**the time for disclosure**" by the State of the arrests and convictions of the defendant, any codefendant, and any witness it calls or intends to call at trial, and/or any inducements offered by the district attorney or law enforcement officer to any State witness, is not "**until the commencement of trial**." In regards to a State's rebuttal witness, however, the district attorney is not required to disclose his or her record of arrests and convictions and/or any inducements offered until "**immediately prior to the witness being sworn**." In the event the defendant moves for the State to disclose this information, under Article 725.1(A), the defendant in turn is required to disclose to the district attorney, "**prior to those witnesses being sworn**," the name and date of birth of the witnesses defendant intends to call in his case in chief. In short, Articles 716, 717, and 725.1 do not allow for a judge's discretion to shorten or extend the timeframe for a party's disclosure of the information at issue therein. *See* La. C.Cr.P. art. 723(B).

To the contrary, Articles 726, 727, and 729 permit a district court to exercise its discretion when setting a reasonable time for disclosure of information. Article 726 provides that a defendant, who intends to introduce testimony relating to a mental disease, defect, or other condition bearing upon the issue of whether he had the mental state required for the offense charged, "**he shall not later than ten days prior to trial *or such reasonable time as the court may permit***," notify the district attorney in writing of such intention and file a copy of such notice with the clerk. Similarly, Article 727(A) states that "[u]pon written demand by the district attorney stating the time, date, and place at which the alleged offense was committed, the defendant shall serve **within ten days, *or such different time as the court may direct***, written notice of his intent to offer a defense of alibi." Pursuant to Article 727(B), "**[w]ithin ten days thereafter, but in no event less than ten days before trial, *unless the court otherwise directs***," the district attorney shall serve upon the defense written notice stating the names and addresses of the witnesses upon whom the state intends to rely to establish the defendant's presence at the scene of the alleged offense and any other witnesses to be relied on to rebut testimony of any of the defendant's alibi witnesses. Lastly,

Article 729 provides that "[a] motion for discovery by a defendant may be filed in accordance with Article 521 [that is, within "thirty days after receipt of initial discovery, unless a different time is provided by law or fixed by the court upon a showing of good cause why thirty days is inadequate"] **or within such reasonable time as the court may permit**."

In *State v. Green*, 17-0626 (La. 6/29/17), 227 So.3d 818, applying La. C.Cr.P. 717(B)—which requires the district attorney to "disclose any inducements offered by the district attorney, or by any law enforcement officer on behalf of the district attorney, to any state witness"—the district court ordered the district attorney to disclose any inducements offered to any State witness ten (10) days prior to trial. However, La. C.Cr.P. art. 717(C) provides that "the district attorney shall not be required to disclose any inducements made to a state witness prior to the commencement of trial, unless the witness is called to testify on rebuttal and then *it shall be disclosed immediately prior to* the witness being sworn in to testify." *Id*. [Emphasis supplied.] Thus, while the Supreme Court found the district court was correct that disclosure of any inducements made to a State witness was appropriate, applying the clear language of Article 717(C), it determined the district court erred in "ordering disclosure by the district attorney ten (10) days prior to trial."

Similarly, in *State v. Montgomery*, 14-390 (La. App. 3 Cir. 12/17/14), 158 So.3d 87, *writ denied*, 15-0088 (La. 11/16/15), 184 So.3d 23, the defendant claimed his due process rights were violated because the State failed, under La. C.Cr.P. art. 717(A), to provide him with full discovery until the day of trial, which included the identity of the person who made purchases from him and that person's criminal record. Article 717(A) requires the district court, on motion of the defendant, to order the district attorney to disclose and furnish the defense with records of arrests and convictions of defendant and any witness. Article 717(C) provides that the "district attorney *shall not be required to disclose* … records of arrests and convictions *until the commencement of trial*[,]" unless the witness is called to testify for the State on rebuttal," and then the time for disclosure is "immediately prior to the witness being sworn."[4] Applying the express language of the Article, the Court concluded that the State's disclosure on the day of trial was timely and that the defendant's claim that his due process rights were violated lacked merit.

The "starting point for interpreting a statute is the language of the statute itself." *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 S.Ct. 2051, 2056 L.Ed.2d 766 (1980). The legislature is presumed to mean what it plainly says in the text of a statute. *Cat's Meow v. City of New Orleans*, 98-0601 (La. 10/20/98), 720 So.2d 1186, 1198. "Courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *State v. Williams*, 10-1514 (La. 3/15/11), 60 So.3d 1189, 1192. "When a law is clear and unambiguous, and its application does not lead to absurd consequences, it shall be applied as written." *Id*.

In the instant matter, La. C.Cr.P. art. 729.7(B) does not require the State to disclose to the defense the deleted or excised substance of a witness's statement that is maintained by the district court under seal due to the possibility that

---

[4] Additionally, Article 717(D) provides that the "provisions of Article 729.7 … regarding the protection of a witness's identity"—which is the provision at issue in the instant case—"shall also apply to this Article.

disclosure compromises the witness's safety until "immediately prior to the witness's testimony at the trial." Consequently, we find the trial court erred by ordering the State to disclose the un-redacted statement of witness 2 to defendant five (5) days prior to trial in contravention of the express language of La. C.Cr.P. art. 729.7(B).

For the foregoing reasons, we grant the State's writ application, vacate the district court's May 3, 2022 order, and remand the matter to the district court for further proceedings consistent with this writ disposition. As the trial of the matter was continued, the State's request for a stay is denied as moot.

Gretna, Louisiana, this 27th day of June, 2022.

**SMC**
**FHW**
**JGG**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **06/27/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**22-K-255**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED

23rd Judicial District Court (Clerk)
Honorable Cody M. Martin (DISTRICT JUDGE)
Jarrett P. Ambeau (Respondent)

### MAILED

Honorable Ricky L. Babin (Relator)
District Attorney
23rd Judicial District Court
Post Office Box 1899
Gonzales, LA 70707

Adam J. Koenig (Relator)
Assistant District Attorney
23rd Judicial District Court
Post Office Box 66
Convent, LA 70723